## HARNETT v. HARNETT.

1. **Divorce**: MOTION FOR NEW TRIAL ON IRRELEVANT EVIDENCE. The wife had procured a decree of divorce from the husband on the ground of inhuman treatment. The husband asked a new trial on the ground of newly discovered evidence tending to show that the wife's relatives had unduly interested themselves in procuring the divorce. *Held* that, as such testimony would be immaterial to rebut the charge of inhuman treatment, it did not entitle the husband to a new trial. ·

2. ——: CONDONATION. The fact that the wife remained in the same house with the husband, and cooked and washed for him until the decree was rendered, did not amount to a condonation of the husband's offense.

3. **Practice**: PETITION FOR NEW TRIAL: AMENDMENT TO. Where an insufficient petition for a new trial was filed within the year provided by § 3157 of the Code, and, after the expiration of the year, an amended petition was filed, setting up facts which might be sufficient, *held* that the amended petition could not be regarded as a more specific statement of the original, and did not entitle the plaintiff to a new trial.

*Appeal from Monroe District Court.*

TUESDAY, OCTOBER 3.

THIS is a proceeding instituted by the plaintiff under § 3157 of the Code to procure a new trial in an action brought by the defendant, Elizabeth Harnett, against the plaintiff, her husband, to procure a divorce on the ground of inhuman treatment. The petition for a new trial is based upon the alleged ground of newly discovered evidence. The facts which the petition avers that he can now prove are in substance as follows: That Mrs. Harnett's father, one Pressley, endeavored to procure a person to swear falsely that the petitioner beat and abused his wife; that Pressley borrowed money to use in obtaining evidence in the divorce suit; that Pressley had said that he was always opposed to his daughter's marrying the petitioner; that Mrs. Harnett's sister asked a person to testify that he saw her children barefoot in the winter time; that the sister told another person that Harnett would be ashamed of the charge of cruelty brought against him, and

would leave the country, and they would gain the whole case without a lawsuit; that the sister had been heard to say that Harnett had been too intimate with a Mrs. Jeffers, and that his wife must get a divorce; that Mrs. Harnett's niece had been heard to say that her aunt (Mrs. Harnett) would not live with Harnett much longer, but would get a divorce from him; that Mrs. Harnett's brother-in-law told one of the persons who testified in the divorce suit that he would pay his fees if he would testify against Harnett. The petition contains other allegations as to what different relatives of Mrs. Harnett said and did as constituting the facts which the petitioner avers that he can now prove, but they do not differ in character essentially from those above set out, so far as the allegations pertain to specific words and acts.

The petition also contains an allegation that the petitioner can prove that "the said Elizabeth Harnett lived with this plaintiff, and cooked and washed as she always had, until the final decision of the case." An amended petition contains an allegation that the petitioner can prove that "said Elizabeth Harnett, wife of petitioner, came to his house and lived with him, as stated in the original petition for a new trial; that while thus living with plaintiff, while said cause was pending and undetermined in the hands of the court, and during vacation, she and this petitioner had frequent and continued sexual intercourse as husband and wife, and that said intercourse was voluntarily indulged in by the said parties." The amended petition was not filed within one year from the time the decree of divorce was rendered.

The defendant demurred to the plaintiff's petition on the ground that the alleged facts, if proven, were immaterial, and had no tendency to controvert the charge of inhuman treatment, or show a defense thereto. She demurred to the amended petition on the ground that the same was not filed within one year from the time the decree of divorce was rendered. The court sustained the demurrer and refused a new trial. The plaintiff appeals.

*Wm. Nichol* and *J. F. Lacey*, for appellant.

*Perry & Townsend*, for appellee.

ADAMS, J.—The petitioner's theory is that, if he were allowed to show the sayings and doings of Mrs. Harnett's rela-

1. DIVORCE: motion for new trial.

tives, as averred in his petition, he could show a conspiracy among them to aid Mrs. Harnett in procuring a divorce. But in our opinion the alleged evidence is immaterial and not admissible. If Harnett had been guilty of such inhuman treatment as to endanger the life of his wife, she should not be deprived of the relief which the law allows in such a case by reason of anything which her relatives may have said or done. If she had received such treatment, it was natural, and perhaps commendable, in her relatives that they should manifest an active interest in her behalf. They were, to be sure, not justified in attempting to procure false testimony, and such attempt if made, however unsuccessful, might be regarded as showing an undue zeal, as well as the character of the persons who made it. But they are not on trial.

The allegation that the petitioner's wife lived with him and cooked and washed for him until the decree was rendered,

2. ——; condonation.

appears to have been pleaded with the idea that such actions constituted condonation. But, in our opinion, merely remaining in the same house and doing the petitioner's work should not be regarded as having that effect. Her own necessities or those of her family might have been such that she was willing to sustain to him that relation, without any intention at any time of withdrawing her action, or forgiving him.

Whether the facts alleged in the amended petition could be set up after a decree as a ground for a new trial, we need

3. PRACTICE: petition for new trial: amendment to.

not determine. They were not set up within the year allowed by the statute under which the petition was filed. The petitioner insists to be

sure that the amended petition should be considered only as a more specific statement of the facts averred in the petition But this position we think cannot be maintained.

In our opinion the court did not err in refusing a new trial.

AFFIRMED.