CHARLOTTE T. JONES *vs.* MAINE CENTRAL RAILROAD COMPANY.

Hancock. Opinion March 10, 1910.

*Railroads. Fires. Cause. Evidence.*

Where in an action to recover damages caused by a fire alleged to have been set by the defendant's locomotive, *held* that the question involved was one of reasonable inference from all the facts and circumstances and that the evidence should be of such a character that a reasoning mind could see the connection between cause and effect.

Where in an action to recover damages caused by a fire alleged to have been set by the defendant's locomotive, *held* that the jury were warranted in adopting the plaintiff's theory that the fire was set from a locomotive, instead of the defendant's theory that it was communicated from a bog fire admitted to have been smouldering for nearly a month.

Where the defendant having introduced expert evidence that its locomotives, equipped as they were with a wire netting over the smokestack could not in the opinion of the witnesses throw a spark beyond thirty feet from the rail, *held* that it was not error to permit the plaintiff in rebuttal to introduce testimony of specific instances where fires had been set by these locomotives at distances varying from 95 to 152 feet. The objections raised by the defendant that the evidence was too remote in time and place, and that the conditions were not shown to be similar to those surrounding the fire for which this action is brought, go to the weight of the testimony and not to its admissibility.

On motion and exceptions by defendant. Overruled.

Action on the case brought under Revised Statutes, chapter 52, section 73, to recover damages caused by a fire on the plaintiff's land, alleged to have been caused by sparks communicated by one of the defendant's locomotives. Plea, the general issue. Verdict for plaintiff for $1623. The defendant excepted to certain rulings during the trial and also filed a general motion for a new trial.

The case is stated in the opinion.

*John A. Peters*, for plaintiff.

*Oscar F. Fellows, and Hale & Hamlin*, for defendant.

SITTING:  EMERY, C. J., PEABODY, SPEAR, CORNISH, BIRD, JJ.

CORNISH, J.  On September 17, 1908, a fire ran over three hundred and twenty-seven acres of land adjoining the defendant's location on the south and owned by the plaintiff.  This action on the case was brought under R. S., ch. 52, sec. 73, to recover damages therefor, and the jury having found in favor of the plaintiff for $1623, the defendant brings the case to this court on motion and exceptions.

MOTION.  No question of negligence on the part of the defendant is involved.  The single question to be considered under the motion is whether the jury were justified in finding that the fire was communicated by one of the defendant's locomotives.  The origin of the fire was the single issue of fact and two theories were presented : the plaintiff's, that the fire was set from a locomotive of the regular train which is admitted to have left Ellsworth at 11.07 A. M. running easterly; the defendant's, that it was communicated from a bog fire which was located a considerable distance easterly of the burned tract, and is admitted to have been smouldering since August 19.  No other possible source is even suggested.

The jury adopted the plaintiff's theory and while in this class of cases they are somewhat apt to confuse post hoc with propter hoc, and to attribute too readily the cause of a fire to the prior passage of a train, yet in this case the verdict rests upon substantial grounds. It is á question of reasonable inference from all the facts and circumstances, and the evidence should be of such a character that a reasoning mind shall see the connection between cause and effect. The connection is here made plain.

No eye saw the spark or cinder that started the blaze but all the tests which should be applied in such a case combine to trace it to the smokestack and not to the fire in the bog.  The extreme dryness of the season, the direction of the wind, the capacity of the defendant's engines to set fires along the road, the large number that had been admittedly set by the engines for several weeks prior to the time in question, the absence of any others, set by the bog fire, the distance from the track at which fires had caught, the discovery of

this fire within a half or three-quarters of an hour after the passage of the train, its location and condition when first observed, its nearness to the railroad and its distance of more than a quarter of a mile from the bog fire, the two fires burning independently with a clear space of more than twelve hundred feet between the two, the green land that partially separated them, the smothered and sluggish manner in which the bog fire continued to burn, and the rapidity with which and the direction in which the new fire was driven over the plaintiff's land and the lots of adjoining owners, all these facts were shown by evidence that compels the same conviction in the mind of the court that it did in the mind of the jury. Moreover, the jury had the benefit of a view of the premises, in compliance with the request of both parties, and were therefore able to gather such additional information as the locus afforded. Of this the court is deprived. The view must, however, judging from the verdict, have confirmed the effect of the testimony in favor of the plaintiff's contention.

A critical examination of all the testimony fails to show error in the jury's conclusion and the motion cannot be sustained.

EXCEPTIONS. The defendant introduced the evidence of the assistant superintendent of motive power to the effect that the engines on this road, equipped as they were with a wire netting over the smoke-stack, could not in his judgment, throw a spark beyond thirty-five feet from the rail. In rebuttal, the plaintiff was allowed to contradict this by introducing witnesses who testified to specific instances where fires had been set by these engines, at distances varying from 95 to 152 feet. The defendant excepted to this on the ground that it was too remote in time and place, that the conditions were not shown to be similar to those surrounding the fire for which this action is brought and that there had been no sufficient establishment of preliminary facts to give the measurements any probative force.

These objections, however, go to the weight of the testimony and not to its admissibility. One of the most effective ways in which to combat a theory is to meet it with a fact. That was done here and whether the facts were weak or strong was a matter of argument before the jury but could not render the evidence itself inadmissible.

*Motion and exceptions overruled.*