EDWARD W. DUPLISSY

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Penobscot.   Opinion October 17, 1914.

*Burden of Proof.   Damages.   Fire Communicated by Locomotive.   Negligence.*
*Reasonable Inference.*

In an action on the case to recover damages for the loss of buildings and contents alleged to have been destroyed by fire communicated by a locomotive of the defendant;

*Held:*

1.   That in this class of cases liability is a question of reasonable inference from all the facts and circumstances, and the evidence should be of such a character that a reasoning mind shall see the connection between cause and effect.

2.   That the proximity of the premises, the direction of the wind, the dryness of the night, the time of the passage of the train, the discovery of the fire within a short time thereafter, the location of the fire when first discovered and the absence of all other reasonably probable sources justified the jury in drawing the inference that the locomotive of the defendant caused this fire.

3.   That on the uncontradicted evidence offered by the plaintiff on the question of values, the damages are not so manifestly excessive as to warrant the interference of the court.

4.   That the testimony of a neighbor as to finding a large quantity of cinders on her piazza the next morning after the fire was properly admitted, as the capacity of the locomotive to throw sparks was in issue. The objections raised by the defendant go to the weight of the evidence, rather than to its admissibility.

5.   That the instruction requested by the defendant was properly refused, because it asked the Court to prescribe in detail the character of the evidence required in this class of cases, and to pass upon matters clearly within the province of the jury.   The charge fully protected the rights of the defendant in all respects.

On motion and exceptions by the defendant.    Motion and exceptions overruled.

This is an action on the case by the plaintiff to recover damages for property destroyed by fire, alleged to have been caused by fire communicated from a locomotive engine belonging to the defendant. Plea, general issue.    The defendant excepted to the admission of testimony and to the refusal of the presiding Justice to give a certain requested instruction to the jury, both of which are particularly considered in the opinion, and its exceptions were allowed. The jury returned a verdict for the plaintiff of $5341.67.

The case is stated in the opinion.

*James D. Rice, and Wm. R. Pattangall,* for plaintiff.

*Fellows & Fellows,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J.    Action on the case to recover damages for the loss of a hotel in Kingman, with outbuildings, stable and contents, including furniture, supplies and personal effects, alleged to have been destroyed by fire communicated by a locomotive of the defendant.

Liability.    The evidence justifying the finding of liability is ample.    It is for the most part undisputed.    The plaintiff's premises adjoined the railroad location, being situated northerly thereof, with the shed nearest the right of way and the long ell and main part extending to Marginal Street.    A freight train of the defendant with twelve empty cars left Mattawamkeag at 1.50 on the morning of September 29, 1913, going east, passing Kingman about 2.15 A. M. and arriving at Danforth at 3.15 A. M.    The train did not stop at Kingman Station.    There was an up-grade from the station for nearly one-half a mile, and the hotel was situated about midway this distance.    The train was fifty minutes late.    The night was unusually dry, there being practically no dew on the grass as several witnesses stated.    The wind was light, but from a southerly or southwesterly direction, blowing from the track toward the buildings.

One witness testified that he was up at 2 o'clock and looked toward the hotel and no fire was visible then.    Between that time and the time when the fire was discovered, 2.30 or 2.45 A. M., this freight

train passed by. The fire originated on the part of the premises toward the railroad and spread to the rest of the buildings. A large number of witnesses testified that when they first saw the fire it was on the southerly side of the shed and creeping up on to the roof. The posts of an old pig pen which had formerly stood between the shed and the track were burned, showing that the grass between the location and the buildings was on fire.

All other sources except the engine are practically eliminated. There had been two fires in the hotel, one a coal fire in the office, and the other a wood fire in the kitchen for the six o'clock supper. The latter had gone out, and the former could not have caused the fire in question because the people were in and about the office, as well as the other rooms in the ell and main part, at the same time that the fire was burning in the shed.

The defendant attempted to suggest two other sources, but failed utterly. The fireman on the locomotive testified that while going through the town at the rate of twenty or twenty-two miles an hour he saw through a crack in the stable a light that looked like a lantern, but he saw no fire of any kind. This story has many inherent improbabilities, but the theory failed because in the first place the stable did not take fire until after the shed and from the shed or ell, and the second place it was found locked when the plaintiff and his boarder went to it and removed the animals and contents. The other suggested source is within the hotel, and, to prove this, three employees of the defendant who were living in a caboose at the station testified that when they reached the fire it seemed to be on the roof of the ell near the main part, and they saw no fire elsewhere. But this testimony, negative at the best, was overwhelmed by that of the neighbors, who clearly prove that the fire spread from the shed to the ell and thence to the main part.

The only other evidence introduced by the defendant was that the engine was equipped with a spark arrester in good condition and, in the opinion of the witnesses, sparks could not have been emitted that would have set the fire. But, as showing the distance to which the sparks or cinders could fly, one neighbor testified to finding a large quantity of cinders on her piazza the same morning, her premises being in close proximity to the burned buildings and adjoining the railroad location.

Without discussing the evidence in detail further it is sufficient to say- that, the proximity of the premises, the direction of the wind, the dryness of the night, the time of the passage of the train, the discovery of the fire within a short time thereafter, the location of the fire when first discovered and the absence of all other reasonably probable sources justified the jury in drawing the inference that the locomotive of the defendant caused the fire. As was said in *Jones* v. *Railroad Co.*, 106 Maine, 442; "it is a question of reasonable inference from all the facts and circumstances and the evidence should be of such a character that a reasoning mind shall see the connection between cause and effect." That test is fully met by the evidence in this case.

Damages. The plaintiff's evidence showed the fair value of the buildings to be $3,000 or $3,500. The schedule of personal property amounted to $3,000, making an outside limit of $6,500. The verdict was $5,341.67. This might be divided into buildings $3,500 and personal property $1,841.67, and the evidence would justify the finding. The furniture was for the most part nearly new, having been purchased within a year. The defendant offered no evidence whatever on values, either of buildings or contents, and it would seem that on the uncontradicted evidence offered by the plaintiff the damages are not so manifestly excessive as to warrant the interference of the court.

Exceptions. 1. The testimony of Mrs. Leach, a neighbor, who lived five houses west of the hotel, as to finding a large quantity of cinders on her piazza the morning after the fire, was properly admitted. The capacity of the engine to throw sparks was in issue, and upon that point her evidence was pertinent. The objections raised by the defendant go to the weight of the evidence rather than to its admissibility.

2. The instruction requested by the defendant was properly refused as it asked the court to prescribe in detail the character of the evidence required in this class of cases and to pass upon matters that are clearly within the province of the jury. The court, in the charge, properly instructed the jury upon the burden of proof resting on the plaintiff and fully protected the defendant's rights in all respects.

*Motion and exceptions overruled.*