BERTHA M. CHRISTENSEN, Libl't *vs.* CHRISTEN M. CHRISTENSEN.

Cumberland.   Opinion September 9, 1926.

*Condonation implies not only forgiveness but a restoration to the marital rights.*

In the instant case not only was the court warranted in finding that the offense charged was not condoned, but condonation is a fact to be found to which no exception would lie, unless it was found without evidence to support it.

On exceptions. Libel for divorce alleging adultery. At the conclusion of testimony by the libellant counsel for libellee moved for a dismissal of the libel on the ground of condonation, which was denied, and at the close of the hearing before the presiding Justice without a jury, a divorce was granted and libellee entered exceptions. Exceptions overruled.

The case fully appears in the opinion.

*Albert E. Anderson, Max L. Pinansky and Abraham Breitbard,* for libellant.

*Jacob H. Berman, Edward J. Berman and Benjamin L. Berman,* for libellee.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, JJ.

WILSON, C. J.   In a libel for divorce, the Justice below granted a divorce on the ground of adultery, which was conclusively shown. The only defense was condonation. The case comes to this court on exceptions to alleged rulings of the court below, as set forth in the bill

of exceptions: "that the libellant was entitled to a divorce on the ground of adultery" and "that the adultery was, as a matter of law, not condoned."

The real issue is set forth in the alleged ruling "that the adultery was, as a matter of law, not condoned."

"Condonation means the blotting out of the offense imputed so as to restore the offending party to the same position he or she occupied before the offense was committed."

The nature and elements of condonation were first fully stated by the English Courts in *Keats* v. *Keats*, 1 Sw. & Tr., 334, which has been followed by most of the courts in this country.

To be effectual, condonation must include a restoration of the offending party to, or a continuance of, all marital rights, after the offense becomes known. While condonation imports forgiveness; the converse is not necessarily true. The offended party may forgive, in that they may not bear any ill will, yet withhold a complete reconciliation in the sense of reinstating the offender to conjugal cohabitation and full marital rights.

The preliminary steps toward reconciliation and ultimate condonation, such as receiving the offending spouse back into the home, as in the case at bar, does not alone constitute condonation, so long as full marital rights are intentionally withheld. 9 R. C. L., 381, Section 173; *Taber* v. *Taber*, 66 Atl., (N. J.), 1082; *Betz* v. *Betz*, 19 App. Rep. (N. Y.), 90; *Harnett* v. *Harnett*, 59 Iowa, 401; *Anderson* v. *Anderson*, 89 Neb., 570; *Talley* v. *Talley*, 215 Pa. St., 281; *Rudd* v. *Rudd*, 66 Vt., 91; *Hahn* v. *Hahn*, 58 N. J., Eq., 211.

Again, while evidence of condonation in this state may be introduced without a special plea, *Backus* v. *Backus*, 3 Maine, 136, the burden is on the party setting up the defense to prove it.

Not only was the court, in the case at bar, warranted in finding, upon the evidence, that the burden was not sustained by the libellee; but condonation is a fact to be proved and found, *Taber* v. *Taber*, supra, and, unless the evidence of condonation was conclusive, it cannot be said that there was any error in law on the part of the court below in finding as a fact that condonation was not shown.

*Exceptions overruled.*