## PANTHER v. PANTHER.

No. 21509. Opinion Filed Jan. 20, 1931.

Commons & Chandler, for plaintiff in error.

Joe W. Howard and Preston S. Davis, for defendant in error.

OULLISON, J. This is an appeal from the judgment of the district court of Ottawa county, Okla., granting defendant in error, plaintiff below, Amy Panther, an absolute divorce from her husband, Thos. Panther, plaintiff in error, defendant below. The parties to this appeal will be hereinafter referred to as they appeared in the lower court.

On October 29, 1929, the plaintiff, Amy Panther, commenced action for divorce from the defendant, Thomas Panther, in the aforesaid court, and as disclosed by plaintiff's original and amended petition, alleged as legal ground for said divorce that defendant, since the date of his marriage to plaintiff, had been convicted of a felony and sentenced to serve 15 years in the state penitentiary, which, as alleged by plaintiff (and it is not here disputed), is a legal ground for divorce in this state. The prayer of plaintiff's amended petition was that she be granted an absolute divorce from defendant, and that she be decreed and given the permanent care, custody, and control of two minor children of plaintiff and defendant.

The defendant answered, denying generally the allegations of plaintiff's original and amended petition, and pleaded affirmatively acts of condonation by plaintiff subsequent to the date of the filing of the petition for divorce herein, and further alleged certain acts of adultery and drunkenness committed by plaintiff subsequent to the filing of her petition for divorce herein, and pleaded that by reason of such aforesaid acts and conduct on the part of plaintiff, she (plaintiff) was not a proper and fit person to have the care, custody, and control of said minor children. Defendant's prayer was that the plaintiff be denied a divorce and that the court make an order placing the children of plaintiff and defendant in the care of some suitable person in order that they might receive proper care, custody, and control. No other affirmative relief was prayed for by defendant in his answer.

Upon the issues thus joined, the case was heard by the trial court. At the conclusion of the evidence introduced by the parties in support of their respective contentions and allegations, the trial court rendered judgment in favor of plaintiff, granting her an absolute divorce from defendant and awarding plaintiff the care, custody, and control of said minor children, subject, however, to reasonable and seasonable visitation periods by the defendant.

From the foregoing judgment and decree the defendant comes to this court on appeal.

Defendant first assigns as error the trial court's order overruling defendant's demurrer to plaintiff's evidence; contending that there was no evidence tending to prove that the defendant, Thomas Panther, herein was the same Thomas Panther who had been convicted of a felony and confined in the state penitentiary, as alleged by plaintiff in her original and amended petitions.

For the purposes of determining whether the trial court erred in overruling defendant's demurrer, we must accept as true all the facts which the evidence adduced by plaintiff in support of her original and amended petitions in the slightest degree tends to prove, and all reasonable inferences and conclusions to be logically drawn therefrom. Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 Pac. 224.

An examination of the record discloses that plaintiff in her original petition sued "Thomas Panther"; that she also in her amended petition sued "Thomas Panther," alleging therein that said Thomas Panther, her husband and defendant therein, was serving a sentence of 15 years in the state penitentiary for first degree rape, which sentence had been approved by a jury and trial judge in the superior court of Pottawatomie county and affirmed by the Criminal Court of Appeals of Oklahoma. The record as introduced by plaintiff in support of her petition also discloses that an alias summons directed to Thomas Panther, convict No. 20812, in the state penitentiary, at road camp No. 1, Stringtown, and the officer's return thereon shows that the same was served upon Thomas Panther by the sheriff at McAlester. In response thereto,

the record shows that defendant's counsel filed his first pleadings, to make more definite and and certain, and the defendant is therein designated as "Thomas Panther," and in his next pleading, by demurrer, defendant is also designated as "Thomas Panther," and, again, in his answer the defendant is designated in the caption as "Tom Panther," while in the body of the answer he is denominated as "Thomas Panther." It is also admitted in defendant's answer that the same "Thomas" or "Tom" Panther, defendant herein, married the plaintiff and that two children were born as alleged by plaintiff.

In the criminal dockets introduced in evidence by plaintiff, it is noted that both the caption and the body of the warrant of arrest call for the arrest of "Thomas Panther," and that in subsequent criminal proceedings he is variously designated as "Thomas" and "Tom" Panther.

Notwithstanding this record confronting the trial court at the conclusion of plaintiff's evidence, the defendant complains that there is no evidence, nor circumstances, tending to establish that "Thomas Panther," the defendant in this divorce action, is the same "Thomas Panther" convicted of a felony and incarcerated in the state penitentiary, and that, therefore, his demurrer to plaintiff's evidence should have been sustained.

We are of the opinion that there is no merit in defendant's contention. Accepting as true, as indeed we must, all the facts, which the evidence introduced by plaintiff in support of her petition in the slightest degree tends to prove, and all reasonable inferences and conclusions to be logically drawn therefrom, we are of the opinion there was no error in the trial court's order overruling defendant's demurrer to plaintiff's evidence.

Furthermore, the defendant, when examined as a witness in his own behalf, testified that his name is "Thomas Panther"; that he is a convict in the state penitentiary working at road camp No. 1; that he is the husband of plaintiff; that he is the same "Tom" Panther who was convicted and is now serving a sentence as alleged by plaintiff. If the order of the trial court in overruling defendant's demurrer had constituted error, the same in our opinion was cured and became harmless by reason of the defendant's own admissions, as set forth above.

2. It is next contended by defendant that plaintiff condoned his conviction for the crime as aforesaid, by reason of her cohabitation with him during his leave from the penitentiary pending the hearing on the divorce action herein. Defendant in his brief, at page 13, says:

"That, as a matter of law, after she had condoned the offense and had lived and cohabited with the defendant, she was not entitled to a divorce."

It is true, as contended by defendant, that:

"Resumption of cohabitation by parties to a divorce suit is an abrogation of any cause of action for divorce by condonation." Bell v. Bell (Ala.) 108 So. 375, 45 A. L. R. 935.

And, as a general rule, the condonation of a marital offense deprives the condoning spouse of the right of thereafter seeking a divorce for the condoned offense. 9 R. C. L. 379; Cumming v. Cumming, 135 Mass. 386, 46 Am. Rep. 476; note, 6 L. R. A. 548.

However, it is equally true that before the plea of condonation can be invoked as a meritorious defense to an action for divorce, it must appear that the alleged acts of condonation were "voluntary" and free from fraud or duress.

In Marshall v. Marshall, 3 Fed. (2nd) 344, 40 A. L. R. 624, it is said:

"Condonation in the law of divorce, means the pardon of an offense—the voluntary overlooking or implying forgiveness of an offense by treating the offender as if it had not been committed."

In 9 R. C. L., at page 380, the author of the text says:

**"Condonation must be free, voluntary, and not induced by duress or fraud."** (Note, Ann. Cas. 1912C, 8.)

In 1912C, Ann. Cas., page 8, the annotator therein says:

"In Betz v. Betz, 19 Abb. Pr. (N. Y.) 90, it was said that the term 'condonation' necessarily includes that operation of the mind evinced by words or acts known as forgiveness—the free, voluntary, and full forgiveness and remission of a matrimonial offense. Unless accompanied by that operation of the mind, even cohabitation without fraud or force is insufficient to establish a condonation. So, in that case, where there was no evidence of an intention on the part of the wife to forgive her husband voluntarily, and to reinstate him in her affections, or to abandon a suit for separation, commenced by her, but it was quite clear that her offer to him was made for the purpose of obtaining support for herself and her child during the pendency of the suit, and as a substitute for an award of alimony during the progress of the suit, if the offer was accepted and acted upon, it was held that there was no condonation. In Harnett v. Harnett, 59 Iowa, 401, 13 N. W. 408, it was held that the allegation that

the petitioner's wife lived with him and cooked and washed for him until the decree was rendered, pleaded upon the theory that such acts constituted condonation, was ineffectual for that purpose. * * * Condonation being a forgiveness for the past upon the condition that the wrong shall not be repeated, and being dependent upon future good conduct, it is necessarily implied that it must be free and voluntary. Wessels v. Wessels, 28 Ill. App. 253; Farnham v. Farnham, 73 Ill. 497; Sharp v. Sharp, 116 Ill. 509, 6 N. E. 15, So, therefore, where condonation is procured by unconscientious and fraudulent practices, the law is, as stated in Farnham v. Farnham, supra, that the agreement can be no more binding than any other contract obtained by fraud. Following the principle that condonation must be voluntary, it is held that sexual intercourse had by use of force does not effect condonation for cruel and inhuman treatment. Harnett v. Harnett, 55 Iowa, 45, 7 N. W. 394. * * *"

The evidence herein discloses when defendant came to his home on leave of absence from the state penitentiary, waiting the hearing of the divorce action herein, that by means of threats to kill plaintiff, defendant succeeded in taking her to Shawnee; lived with her and by continuous threats and duress forced her to stay with him up until the day of the trial. All of the foregoing evidence was before the trial judge when he ruled that the defense of condonation interposed by defendant was without merit.

That the alleged condonation was not "voluntary" and that there was no "forgiveness," as construed by the above authorities, is also evidenced by the fact that during the period of cohabitation above set out the plaintiff attempted during this time to have defendant placed under peace bond, and had made like appeals to county officials, and to the superintendent of the Indian agency at Pawhuska.

Under this state of the record we are of the opinion and hold that the trial court was correct in disallowing the defense of condonation interposed by defendant; that there was no "condonation" within legal contemplation, and that the second contention herein urged by defendant is without merit.

3. Defendant next contends that the parties to the divorce action were equally at fault and that plaintiff therefore was not entitled to a divorce.

Section 505, C. O. S. 1921, provides:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce. * * *" (Emphasis ours.)

Under the foregoing section of our statutes, the trial court is given discretion in the granting or refusal to grant a divorce when it appears that the parties are equally at fault, and the judgment of the trial court in such a case will not be set aside by this court on appeal in the absence of a showing that said court abused its sound judicial discretion.

There is some evidence herein tending to prove plaintiff guilty of adulterous acts as alleged by defendant in his answer. There is equally cogent testimony denying such allegations. The trial court itself examined the plaintiff at length concerning such allegations, and after consideration of all the evidence, granted plaintiff a decree of absolute divorce as prayed for.

The record herein supports such a judgment; no abuse of the discretion vested in the trial court by section 505, supra, is shown, and the action of the trial court in granting plaintiff a divorce will, therefore, not be disturbed by this court on appeal.

4. It also appears from the record herein that the plaintiff, prior to the conviction of the defendant for the aforementioned felony, had secured a divorce from defendant upon the ground of cruel treatment. (The plaintiff and defendant thereafter became reconciled and subsequently remarried.)

The presiding judge in the divorce action at bar was also presiding judge in the former divorce action between the parties hereto, and at the former trial, as in this case, awarded the care and custody of the minor children of the parties to plaintiff. The presiding judge herein was peculiarly well informed as to whose custody would inure to the best interest and welfare of the minor children.

In Bruce v. Bruce, 141 Okla. 160, 285 Pac. 30, this court held:

"A court, in awarding the custody of a minor child, must be guided primarily by what appears to be for the best interest of the child, in respect to its temporal and its mental and moral welfare. In deciding what is for the best interest of the child in respect to its temporal, mental, and moral welfare, a court should well consider the influences and protection afforded by a paternal affection, if such be manifest."

The evidence discloses that plaintiff is financially able, willing, desirous, and has in the past provided ample food, clothing, shelter, education, and a guiding hand for said minor children. The trial court herein had previously, at the prior divorce action, con-

cluded that the best interests of the children would be subserved by granting the custody of said children to the plaintiff. The trial court in the case at bar reached the same conclusion, based upon the history of the prior divorce proceeding and the evidence adduced in the present case.

We, therefore, hold that the record evidence amply supports the trial court's judgment in awarding the care and custody of the children to the plaintiff.

We have examined the other errors assigned by defendant and alleged to have been committed by the trial court during the course of the trial, and are of the opinion that such errors, if any, do not constitute reversible error and any further consideration of the same by this court is, therefore, unwarranted.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

LANGLEY, J., absent.

Note.—See under (1) 26 R. C. L. p. 1062; R. C. L. Perm. Supp. p. 5835. (2) 9 R. C. L. p. 381; R. C. L. Perm. Supp. p. 2458; R. C. L. Continuing Perm. Supp. p. 379. (3) anno. 63 A. L. R. 1132; 9 R. C. L. p. 387; R. C. L. Perm. Supp. p. 2481; R. C. L. Continuing Perm. Supp. p. 379. (4) 41 L. R. A. (N. S.) 564; 4 A. L. R. 1115; 9 R. C. L. p. 475; R. C. L. Perm. Supp. p. 2478; R. C. L. Continuing Perm. Supp. p. 380. (5) 9 R. C. L. p. 470; R. C. L. Perm. Supp. p. 2477.