Audrey M. SCHNEIDER

v.

Harrison L. RICHARDSON and William
B. Troubh et al.

Supreme Judicial Court of Maine.

Argued Sept. 16, 1981.

Decided Dec. 29, 1981.

T. A. Fitanides, Biddeford, Sheila J. Fine (orally), Ogunquit, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ralph I. Lancaster (orally), John J. O'Leary, Jr., Portland, for defendants.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

In February, 1970, Audrey Schneider began an action for divorce against her husband on the ground of cruel and abusive treatment. In that action she was represented by William Troubh, defendant-appellee in the present case. On Mrs. Schneider's behalf, Mr. Troubh negotiated a settlement agreement, which was incorporated in the final judgment of divorce on March 2, 1972. As a result of the settlement agreement, the divorce was uncontested. Six years later, Mrs. Schneider began a malpractice action against the defendants, alleging that they failed to apprise themselves fully as to the applicable law and to investigate adequately the financial status of Mr. Schneider before the divorce settlement. Averring that this negligence resulted in Mrs. Schneider's accepting a property settlement without being fully informed about the law and the facts, the complaint prayed for both compensatory and punitive damages.

This is the second appeal to the Law Court in this case. *See Schneider v. Richardson*, Me., 411 A.2d 656 (1979) (hereinafter referred to as "*Schneider I*"). The first trial resulted in a judgment for defendants, which this Court vacated, remanding the case for further proceedings

and holding that the trial court had applied an incorrect legal standard. *Schneider I, supra* at 658. The trial court had ruled that in order for plaintiff to recover she must first show that she would have been granted a contested divorce. The Law Court found that a trial within a trial was unnecessary:

> All that was necessary for the plaintiff to prove was that a divorce judgment was entered on her complaint incorporating a property settlement, the quantum of which was the result of some negligent omission by the defendants. Whether Mrs. Schneider received appropriate legal advice when she signed the property agreement is the real issue in controversy.

*Id.* at 658.

In the second trial, one of plaintiff's principal theories of recovery was that defendant Troubh had negligently failed to advise her fully on the possibility of obtaining a more favorable settlement if she insisted upon invoking the provisions of the then newly enacted Marital Property Act, P.L. 1971, ch. 399. *See* 19 M.R.S.A. § 722–A (1981). In defense, defendant Troubh gave as a reason for not informing her about the new law that he believed Mrs. Schneider could not obtain a more favorable property settlement in a contested divorce. Mrs. Schneider admitted to having had an adulterous affair that her husband knew about, but she testified that it had ended before the divorce action was instituted and that she and her husband had resumed their marital relationship after the affair ended. It was Mr. Troubh's view that in 1972, despite the claimed condonation, Mrs. Schneider would not have prevailed in a contested divorce proceeding. His opinion was supported by several expert witnesses who testified at the trial.

The second trial took six days to complete and resulted in a jury verdict that defendant Troubh had been negligent but that his negligence had not been the legal cause of any damage to Mrs. Schneider. On this appeal, Mrs. Schneider contends that the trial justice erred in refusing to give the jury the instructions she requested on the law of condonation. She argues, among other things, that the requested instructions were necessary because, in her view, the issue of her husband's condonation of her admitted adultery was central in determining whether she could have obtained a larg-- er property settlement in a contested divorce. We find no error and affirm the judgment.

Plaintiff requested that the trial justice read to the jury the following two instructions:

> Condonation means a blotting out of the offense imputed so as to restore the offending party to the same position he or she occupied before the offense was committed. *Christensen v. Christensen*, 125 Me. 397, 134 A. 373 (1926). If the evidence is undisputed the question is one of law. Condonation occurs when the injured spouse, with knowledge of the conduct, undertakes expressly or impliedly to overlook and forgive the wrongs and restores the other spouse unconditionally . . . to the enjoyment of all marital rights. *Littlefield v. Littlefield*, Me., 292 A.2d 204, 211 (1972).

■ A party does not have a right to a requested special instruction unless it states the law correctly, appears to be supported by the facts of the case, is not misleading or confusing, and is not already sufficiently covered in the given charge, and unless the refusal to give it would be prejudicial to the requesting party. *Towle v. Aube*, Me., 310 A.2d 259, 266 (1973). *See also Michaud v. Steckino*, Me., 390 A.2d 524, 534 (1978). Plaintiff's requested instructions on the law of condonation did not meet this test.

■ The trial justice could have reasonably considered the instructions both confusing and misleading. As we noted in *Schneider I*, the ultimate issue was not whether the plaintiff's adulterous conduct was condoned by her husband, thereby improving her chances of prevailing in a contested divorce, but whether the defendants acted as reasonably prudent attorneys in the advice they gave her and, if not, whether their advice caused her any damage. To have emphasized the issue of condonation

might have confused the jury as to the proper issue to be decided, resulting in an improper focus on whether plaintiff would have recovered in a contested divorce, contrary to our holding in *Schneider I.*

Proper instructions on the law of condonation would also have necessitated an instruction on the effect of the statute (P.L. 1971, ch. 194),[1] effective September 23, 1971, which made condonation merely a factor to be considered by the trial court rather than an absolute defense to an action for divorce. *That* instruction would have tended to weaken, not strengthen, Mrs. Schneider's position with respect to the effect of condonation. In short, to have given the instructions she requested, without an additional qualifying instruction, would have been misleading and unfairly prejudicial to the defendant.

There was no error in the trial court's refusal to give the requested instructions. Since there was substantial support in the evidence for the jury's verdict that the plaintiff was not damaged, no other issue raised by the appellant requires the attention of this Court.

The entry is:

Judgment affirmed.

All concurring.

---

1. 19 M.R.S.A. § 691(1), last paragraph (1981): Condonation of the parties shall not be an absolute defense to any action for divorce but shall be discretionary with the court.