Holly C. LAMBERT

v.

Darryl TRIPP.

Supreme Judicial Court of Maine.

Argued June 13, 1989.
Decided July 17, 1989.

---

John E. Sutherland, Stephen M. Wagner, (orally), Brickley, Sears & Sorett, Boston, Mass., for plaintiff.

David J. Leen, Carl F. Rella (orally), Leen and Emery, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Following a jury trial in Superior Court (Hancock County, *Chandler, J.*) plaintiff appeals from a judgment entered in favor of defendant. Plaintiff argues on appeal that the trial justice erred in denying her motion for a mistrial after defense counsel improperly implied that defendant had no insurance and would have to bear any recovery awarded plaintiff, that the trial justice erred in refusing to instruct the jury to the effect that a driver has a special duty to keep his automobile under control when there is a child in sight, and that the trial justice erred in instructing the jury on sudden emergencies. Plaintiff also argues that the verdict was against the weight of the evidence. We affirm the judgment.

The relevant facts as developed at trial may be summarized as follows: Defendant Darryl Tripp testified that he was driving in a northerly direction along Upper Dedham Road in Brewer when his jeep collided with plaintiff Holly Lambert on May 14, 1983 at approximately 4:30 p.m. As defendant approached the portion of the road near the Lambert residence, he noticed no traffic, had a clear view of the road in front of him, and had no problems with his vision. The weather was sunny and defendant was travelling at approximately 30 to 35 miles per hour in a 45 miles per hour zone.

At some point as he approached the Lamberts, he noticed a person on a motorcycle. That vehicle was stopped several feet off the road on the gravel and pointed towards the center of the road. When he first saw the motorcycle, he could not identify the person seated on it nor could he tell if it was running. Defendant estimated that when he was somewhat less than 50 feet away, the motorcycle pulled out and seemed to be "coming right straight out in front of him." Defendant immediately pulled to the right and applied the brakes. He recalls that the jeep and the motorcycle collided as the jeep rolled over. He had no time to sound his horn because there were only seconds between the time that the motorcycle pulled out in front of him and the collision.

Plaintiff Holly Lambert testified that she began riding motorbikes when she was six years old. Two years before the accident, when she was 12 years old, plaintiff began riding the Yamaha 100 that was involved in the collision. Immediately before the collision, she drove the Yamaha out to Upper Dedham Road and stopped directly behind the mailbox that was just to the north of her property. When she stopped she was parallel to the road, facing south, and had a clear view down the road. She did not see the jeep approaching and does not remember hearing it. The next thing that the plaintiff remembers after stopping at the mailbox is waking up in the hospital. As a result of the accident, plaintiff suffered serious injuries and was hospitalized.

Plaintiff's first argument on appeal concerns statements made by defense counsel during opening and closing arguments. During his opening statement to the jury, defense counsel stated that "the jury does not get to the question of how much are the damages worth until they decide the liability question because what the Lamberts are here today for, what Holly is here today for, is to ask you to make Darryl Tripp pay Holly for her injuries." At the conclusion of defense counsel's opening statement, plaintiff moved for a mistrial arguing that defense counsel's statement had improperly suggested the absence of insurance and that the reference had prejudiced the jury. The trial justice denied the motion and plaintiff's counsel made no request for a curative instruction. During closing argument, defense counsel stated further that "[t]he Plaintiff comes into the courtroom, asking you to have Darryl Tripp pay her for her damages." Plaintiff did not object to the statement made by defense counsel during closing argument. She now argues on appeal that the trial justice erred in denying her motion for a mistrial, renewing her argument that defense counsel's statement improperly suggested that defendant had no insurance and thus would bear any recovery himself.

■ We do not agree that defense counsel's statements to the jury suggested that defendant had no insurance. The financial burden imposed on a defendant by a jury verdict, however, is not an appropriate concern for jury consideration. The denial of a motion for a mistrial made on the grounds of improper conduct of counsel is reviewed only for an abuse of discretion. *Quinn v. Moore*, 292 A.2d 846, 851 (Me. 1972). We do not find counsel's statement so prejudicial that the trial justice abused his discretion in denying plaintiff's motion for a new trial.

■ Plaintiff also argues that the trial justice erred in refusing to give certain requested instructions dealing with both the duty of care owed by children and the duty of care owed to children by defendant motorists.

Children are not held to the same amount and extent of care that adults are judged. The conduct of a child must be judged according to the standards expected of ordinarily careful children in similar circumstances. "The age and intelligence of a child are important factors in determining whether due care has been used."

Thus, the actions of a 14 year old child must not be judged to the same standards we normally apply to adults. Instead, you must determine how any normal 14 year old would have acted and compare the actions of plaintiff to that standard.

Whenever the driver of a motor vehicle is aware of a child or children near or adjacent to the road or should reasonably be expected to know that they are nearby, that driver must exercise reasonable and proper care for their safety.

The trial justice stated as follows in refusing to give the instructions:

I have considered those instructions, and I have determined that in this case I don't feel that they should be given as specific instructions. I feel that I have covered the general area in my general instructions with regard to the duty of care owed to other people.

Plaintiff objected to the trial justice's refusal to give the requested instructions.

With regard to a party's right to have a requested instruction given to the jury, we have stated as follows:

A party does not have a right to a requested special instruction unless it states the law correctly, appears to be supported by the facts of the case, is not misleading or confusing, and is not already sufficiently covered in the given charge, and unless the refusal to give it would be prejudicial to the requesting party.

*Schneider v. Richardson*, 438 A.2d 896, 897 (Me.1981). Because the jury did not reach the question of plaintiff's comparative negligence, the trial justice's refusal to give the portion of plaintiff's requested instruction dealing with the duty of care owed by a child could not have prejudiced

the plaintiff. With regard to the portion of plaintiff's requested instruction dealing with the duty of care owed by defendant motorists to children, even if the instruction is a correct statement of the law, we conclude that the trial justice sufficiently covered the requested instruction in his general instructions on negligence. Although the justice did not specifically refer to the duty of care owed by motorists to children near the road, he repeatedly told the jury to judge defendant's behavior according to what a reasonably careful person would or would not do under similar circumstances.

██ With regard to plaintiff's remaining arguments, we conclude, in light of the facts adduced at trial, that the trial justice committed no error in instructing the jury on the emergency doctrine and that the evidence supports the jury finding that defendant was not negligent.

The entry is:

Judgment affirmed.

All concurring.