Roy **POOLER**

v.

Emily **CLIFFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 28, 1994.

Decided April 4, 1994.

Paul F. Macri, Berman & Simmons, Lewiston, for plaintiff.

J. Peter Thompson, Philip K. Hagesheimer, Platz & Thompson, Lewiston, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Roy Pooler appeals from a judgment entered in the Superior Court (Kennebec County, *Kravchuk, J.*) after the jury found that his negligence was equal to or greater than the negligence of the defendant, Emily Clifford. Pooler argues that the court erred when it denied his request to instruct the jury that a driver has a duty to use a directional signal at least 100 feet prior to changing lanes. *See* 29 M.R.S.A. § 1191 (1978). Because we find that Pooler's requested instruction is not a correct statement of the law, we affirm the judgment.

On an October afternoon in 1989, Pooler was driving his motorcycle along Route 201 in Fairfield. Clifford was driving her car some distance ahead of Pooler. At a point where the road merges from two lanes into a single lane, Clifford had to swerve her car to avoid hitting a car that made a sudden stop and left turn in front of her. Pooler swerved to avoid colliding with Clifford's car and was thrown from his motorcycle, suffering a serious fracture in his left arm. The jury found that Clifford's negligence was a proximate cause of the accident, but because it also found that Pooler's negligence was equal to or greater than Clifford's, Pooler was precluded from recovering any damages. *See* 14 M.R.S.A. § 156 (1980). Pooler filed a motion for a new trial, pursuant to M.R.Civ.P. 59(a), on the ground that the court erred in denying his request for an instruction to the jury with regard to the need for a directional signal prior to changing lanes. The court denied his motion and this appeal followed.

■ In requesting a jury instruction, a party must be able to show that the special instruction meets the following criteria: (1) that it states the law correctly; (2) that it appears to be supported by the facts of the case; (3) that it is not misleading or confusing; (4) that it is not already sufficiently

covered in the given charge; and (5) that refusal to give the special instruction would result in prejudice to the party requesting it. *Schneider v. Richardson,* 438 A.2d 896, 897 (Me.1981). Pooler's requested instruction would have informed the jury that a driver has a duty to make a turn signal at least 100 feet prior to moving left or right upon a roadway. Pooler relied on 29 M.R.S.A. § 1191 [1] as support for this instruction. The instruction requested by Pooler is not a correct reading of section 1191. Pooler reads the 100 foot continuous signal requirement to encompass all moves on the roadway from side to side. This language requires the 100 foot signal prior to *turning.* The only reference to movement to the right or the left requires that the driver only do so when it can be done with reasonable safety. The jury was properly instructed on this point.

Although we cannot say that no signal is required prior to making any kind of side to side movement, or lane change, Pooler's instruction does not reflect an accurate reading of section 1191. As an incorrect statement of the law it would have been misleading, thus failing two of the *Schneider* criteria outlined above. Because Pooler was not entitled to the instruction he requested, the trial court did not err when it denied his motion for a new trial. *Parker–Danner Co. v. Nickerson,* 554 A.2d 1193, 1195 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.

---

**1.** The entire text of the section follows, with emphasis on the language in issue:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 994, or turn a vehicle to enter a private road or driveway *or otherwise turn a vehicle from a direct course, or move right or left upon a roadway unless and until such movement can be made with reasonable safety.* No person shall so turn any vehicle without giving an appropriate signal in the manner provided in this section and sections 1192 and 1193 in the event any other traffic may be affected by such movement.

*A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.*

No person shall stop or suddenly decrease the speed of such a vehicle without first giving an appropriate signal in the manner provided by this section and sections 1192 and 1193 to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

29 M.R.S.A. § 1191 (emphasis added).