1997 ME 111

Calvin W. HAFFORD et al.

v.

TOWN OF ALLAGASH

Supreme Judicial Court of Maine.

Submitted on Briefs April 25, 1997.

Decided May 22, 1997.

Norman G. Trask, Currier & Trask, P.A., Presque Isle, for plaintiffs.

Richard N. Solman, Solman & Hunter, P.A., Caribou, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and RUDMAN, JJ.

---

ROBERTS, Justice.

[¶ 1] Calvin W. Hafford and Hilton Hafford appeal from the judgment entered in the Superior Court (Aroostook County, Pierson, J.) on a jury verdict in favor of the Town of Allagash on the Haffords' negligence action. They argue the court erred in failing to give a requested jury instruction. We disagree and affirm the judgment.

[¶ 2] The Haffords brought suit against the Town alleging that a fire that swept through Allagash on May 19, 1992, and destroyed their property originated from a fire pit at the town dump. They claimed the Town was negligent in failing to supervise the fire pit and in maintaining a dump fire during extremely dry and windy conditions. At the trial the Haffords presented several witnesses whose testimony generally supported their theory. The Town denied negligence and presented the testimony of two forest rangers who stated that, based on their investigations, the fire began at an illegal dumping area located more than 1,000 feet from the town dump and did not originate from any activity at that dump.

[¶ 3] The Haffords' appeal rests on the trial court's refusal to give a requested jury instruction that the Haffords contend is based directly on our opinion in *Wilde v. Inhabitants of Town of Madison,* 145 Me. 83, 72 A.2d 635 (1950). They proposed the following jury instruction:

> Should you find that there was a dump fire on May 19, 1992, and that the fire started within a few hundred feet of the dump, that there were combustible materials nearby, that the wind was blowing from west to east (the direction where the fire traveled), that there were dry conditions, and that there was no other probable source of the fire, you are compelled to infer that the fire started from the dump, even though no one actually saw the "flying spark."

On appeal the parties argue whether *Wilde* is factually distinguishable from the case at bar. Even if *Wilde* is indistinguishable, however, the Haffords' appeal is without merit since the proposed instruction is not a correct statement of the law. *See, e.g., Pooler v. Clifford,* 639 A.2d 1061, 1061–62 (Me.1994) (a party is entitled to a specific jury instruction only if the instruction, among other things not relevant here, states the law correctly).

[¶ 4] In *Wilde* the case was submitted to us "on report" for resolution of "the whole controversy." 145 Me. at 84, 72 A.2d at 636. The legal issues involved whether the town was subject to liability if it negligently maintained a dump fire that allegedly spread and damaged the plaintiff's property. *Id.* Before reaching the legal issues, we determined as a preliminary matter that the fire originated from the dump, stating:

> [We] find[ ] that the forest fire started from the dump because of the proximity of its starting point to the dump fire; the direction of the wind; the slash and brush nearby; the dry conditions, and the absence of other probable sources. The facts proved compel this inference, although no eye saw the "flying spark."

*Id.* at 86, 72 A.2d at 637 (citing *Duplissy v. Maine Central R.R.,* 112 Me. 263, 91 A. 983 (1914); *Jones v. Maine Central R.R.,* 106 Me. 442, 76 A. 710 (1910)). Our statement in *Wilde* does not support an instruction that the jury is compelled to draw such an inference in similar circumstances. Moreover, the *Duplissy* and *Jones* cases cited in *Wilde* each involved our affirming a jury's inference that an unexplained fire resulted from a recently passing train. Affirming such an inference on appeal is altogether different than holding the inference is compelled in similar cases. These cases show merely that such an inference is permissible or nonspeculative, not compelled as a matter of law. Our review of the record in this case reveals that the jury was properly instructed and that the inference sought by the Haffords was available to the jury, which unanimously found such an inference unwarranted by the evidence.

The entry is:

Judgment affirmed.