## McGEE v. McGEE.

No. 3669.    Opinion Filed September 22, 1914.

(143 Pac. 178.)

**DIVORCE—Grounds—Gross Neglect of Duty—What Constitutes.** The trial court found that defendant was a strong, able-bodied man during all the time he was married to plaintiff; was earning a salary of $50 per month; that he had sufficient funds to make reasonable provision for his family; that plaintiff and defendant resided together as husband and wife for a period of two weeks; that defendant, without notice, left plaintiff without the necessities of life; that they afterwards resided together for a few weeks; that defendant failed to further provide food for plaintiff, and refused to furnish medicine or medical services for their sick child; that during all of said time plaintiff was without any means whereby to provide the necessities of life, medicine, and medical services for their sick child; that for lack of means, plaintiff was compelled to abandon their home and reside with her uncle, in order to secure food, medicine, and medical attention; that the child died a few months later; that defendant left plaintiff a second time and never returned, and failed to make any effort to support her and their child. The court denied plaintiff a decree of divorce. **Held,** that such conduct on the part of defendant, under the circumstances, constituted "gross neglect of duty," entitling plaintiff to a divorce.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action for divorce by De Mard McGee against Bruce McGee. Judgment for defendant, and plaintiff brings error. Reversed.

*Lydick & Eggerman,* for plaintiff in error.

RIDDLE, J.   The parties in this court appear on the docket as they did in the trial court, and will be designated as. plaintiff and defendant.   Plaintiff began this action in the superior court of Pottawatomie county on the 9th day of October, 1911, by filing her petition therein, wherein she alleged, in substance, that she had been a *bona fide* resident of said state and county for more than one year past; second,

"As grounds for divorce, the plaintiff charges that the defendant, Bruce R. McGee, has been guilty of gross neglect of duty and of extreme cruelty towards this plaintiff, in this, to wit: That although the plaintiff and the defendant lived and cohabited together as man and wife, in the city of Shawnee, during a portion of the time from May 4, 1911, until July 4, 1911, yet the said defendant has failed and refused to contribute to the support of this plaintiff; that the defendant failed and refused to contribute to the support of this plaintiff during the time they were living together as man and wife, and on July 5, 1911, notified the said plaintiff that he would continue to refuse to support her or contribute to her support, and that she need not look to him thereafter for contributions of any kind or nature whatsoever; that during all of said time, she, this plaintiff, was at all times without funds and without means of support; that the plaintiff has been compelled to rely upon the charity of her relatives and on her own efforts to obtain a livelihood; that the plaintiff has at all times been an affectionate and dutiful wife and held inviolate her marriage vows."

The trial court, in substance, made the following findings of fact: That after the marriage of the parties, they resided as husband and wife for a period of about two weeks at the residence of plaintiff's uncle; that during the month of May, 1911, defendant left plaintiff at Shawnee and went to Oklahoma City, without informing plaintiff of his intention to do so; that during the time of his absence, for a period of about three weeks, he failed to send plaintiff any money; that on his return, plaintiff's uncle informed him that he could not live at his home any longer, and could have nothing to do with plaintiff unless he provided for her; that thereafter defendant took the furniture owned by plaintiff and her sister and placed it in a house, rented by plaintiff and defendant, and with their infant child took up their abode in said house; that defendant provided a small amount

of groceries, which were soon consumed; that thereafter defendant failed and neglected to make further provision for food for plaintiff; that their infant child was ill, and defendant refused to furnish medicine or medical services; that plaintiff was without any means during all said time to provide the necessities of life, medicine, and medical services for her sick child; that along about the 4th of July, 1911, plaintiff was compelled to abandon her residence with defendant and return to the home of her said uncle, in order to secure food, medicine, and medical attention for the child; that defendant had never, after leaving home the second time, provided any medicine, medical services, or food for either plaintiff or their child; that the child died in September, 1911; that during all the time referred to defendant was an able-bodied man, earning a salary of about $50 per month, and his refusal to furnish food and necessities for his family was not for the reason of want of sufficient funds. The court also found that defendant did have funds sufficient to make reasonable provision for his said family.

The court declared the law upon the facts as found as follows:

"The court finds, as a matter of law, that the evidence offered and received in this case fails to establish facts sufficient to establish a cause for divorce on the ground of gross neglect of duty, or on the grounds of extreme cruelty. The plaintiff objects and excepts to the conclusions of law above set out.

"G. C. ABERNATHY,
"*Judge.*"

Judgment was rendered in favor of defendant, dismissing plaintiff's cause of action, from which judgment plaintiff prosecutes this appeal.

There is only one question presented by the record to be determined by this court, which is: Under the facts as found by the trial court, as a matter of law was the plaintiff entitled to a divorce? If it is clear that the court fell into error of law upon the facts found, then the judgment of the trial court should be reversed; otherwise, affirmed. We have considered carefully the findings of fact of the trial court, and in our judg-

ment the allegations of the petition were fully sustained, and especially the ground of "gross neglect of duty." We gather from the record that the court, in rendering judgment dismissing plaintiff's petition, was acting upon the theory that before plaintiff would have a complete cause of action under this provision of the statute, it would be necessary for her to show that defendant had abandoned her for a period of one year, or else such acts of cruelty on the part of defendant as would put her life in fear, or subject her to personal injury. In this, the court was in error. The facts found by the court show conclusively a total disregard of the rights of the plaintiff by defendant; that he left her when her infant child was sick, and the plaintiff was in need of medicine and food. The record discloses conduct on the part of defendant which, in our judgment, fully sustains the second ground for divorce, to wit, "gross neglect of duty," and under some of the authorities, would sustain the other ground alleged, to wit, "extreme cruelty." It was necessary only for plaintiff to bring herself within one of the grounds alleged and provided by statute. Under the statute, "gross neglect of duty" is a separate and independent ground for divorce from the grounds of "extreme cruelty" or "abandonment for a period of one year."

It is our conclusion that the trial court, under the facts found, committed prejudicial error in the law announced and applied to said facts; and the judgment of the trial court is therefore reversed, with direction to proceed in said matter not inconsistently with this opinion.

All the Justices concur.