## BARKER v. BARKER.

No. 14108—Opinion Filed July 3, 1923.

1. **Appeal and Error—Discretion of Trial Court—Continuances.**

A motion for continuance is addressed to the sound discretion of the trial court, and the action of the court in overruling such motion will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion.

2. **Divorce — Cruelty — Sufficiency of Evidence.**

In an action for divorce on the ground of cruelty, where the evidence reasonably tends

to support the judgment, it will not be reversed on appeal.

3. **Same.**

Record examined, and held, that the judgment is supported by sufficient competent evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Minnie Bell Barker against W. B. (Mack) Barker for divorce and division of property. Judgment for defendant and denying division of property. Plaintiff brings error. Affirmed.

H. J. Mackey and C. R. Reeves, for plaintiff in error.

J. F. Thomas, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff filed her petition in the district court of Oklahoma county, on June 9, 1922, praying a decree of divorce from the defendant on the ground of cruelty, and seeking a division of certain property. On the same date an application was presented to Hon. Hal. Johnson, assigned judge, praying for a restraining order, restraining the defendant from disposing of certain real estate and personal property therein described, and for attorney's fees, court costs, and alimony. The prayer of the motion was granted in ex parte hearing without notice to the defendant. On June 22nd, the defendant presented his motion to the court for dissolution of the order and upon hearing thereon, the court set the order aside. Thereafter the defendant filed his answer in the action, denying the allegations of plaintiff's petition, and prayer for decree of divorce on the ground of cruelty. The cross-action further set forth that in an action between the same parties in the district court of Comanche county, a judgment had been entered in the case dividing the property described in plaintiff's petition between the parties, and further providing for the payment of a monthly sum of money for the maintenance of the plaintiff.

This case was pending in the Supreme Court on appeal by the plaintiff in this action at the time of the trial of the instant case. This cause came on for trial on regular assignment on October 27th, 1922. The plaintiff filed her motion for continuance on the ground of inability to proceed to trial for the want of material testimony which the plaintiff had been unable to procure. The court overruled the motion and proceeded to a trial of the cause. The judgment of the court granted the defendant a divorce from the plaintiff, but refused

to interfere in the matter of division of the property on account of the subject-matter having been adjudicated in a previous action between the parties.

The plaintiff brings error to this court based; (a) on the overruling of plaintiff's motion for continuance; (b) insufficiency of the evidence to support the decree in favor of the defendant and against the plaintiff. A motion for a continuance is addressed to the sound discretion of the trial court and the action of the trial court in overruling such motion will not be disturbed on appeal, unless it clearly appears there has been an abuse of discretion. Walker Bond & Co. v. Purifier, 32 Okla. 844, 124 Pac. 322; Lusk v. Phelps, 71 Okla. 150, 175 Pac. 756; Keen & De Wade v. Fletcher, 31 Okla. 791, 123 Pac. 842; Jennings Co. v. Dyer, 41 Okla. 468, 139 Pac. 250; Daugherty v. Feland, 59 Okla. 122, 157 Pac. 1144.

The record shows that this cause had been assigned for trial for sometime. The defendant, by his cross-action, was seeking a divorce upon grounds similar to that of plaintiff. The property rights between the parties had been settled by the judgment of another court in an action between the same parties. The trial court had both parties before it, and upon the showing made we are unable to say that the trial court committed such abuse of its discretion, in denying the continuance, as amounts to prejudicial error. Unless there appears to have been an abuse of discretion in denying a motion for continuance, this court will not disturb the ruling on appeal. In the trial of the divorce proceedings between the parties the plaintiff did not introduce any testimony in controversion of the proof of the defendant, seeking to establish his right of action against the plaintiff for divorce on the ground of extreme cruelty. The testimony of the defendant reasonably tends to support his allegations of extreme cruelty. In an action for divorce based on the ground of extreme cruelty, the judgment of the trial court will not be reversed, if there is sufficient evidence to sustain the decree.

We have carefully examined the record, and find there is sufficient proof on the part of the defendant to support the decree granted in his favor against the plaintiff. As the property rights had been adjusted between the parties in another action, and the judgment of the trial court not having been reversed, or set aside, the trial court in this proceeding was bound by the judgment of the former trial, and no error was committed in this respect by the trial court in refusing to take cognizance of the question of the property rights between the parties. Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.