## FINNELL v. FINNELL.

No. 15214—Opinion Filed Sept. 15. 1925.

Rehearing Denied Oct. 13, 1925.

(Syllabus.)

1. **Appeal and Error—Sufficiency of Evidence—Review in Equity Case.**

In an equity case it is within the power of the Supreme Court to consider the evidence and render judgment thereon. but the rule is well established that the Supreme Court will not interfere with the judgment of the lower court, unless the same is clearly against the weight of the evidence.

2. **Divorce—Scope of "Extreme Cruelty."**

Extreme cruelty as a ground for divorce, while there is no actual violence, contemplates treatment, abuse, neglect, or bad conduct such as damages health or renders cohabitation intolerable and unsa.e, and charges of infidelity and misconduct which are untrue.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Alice E. Finnell against Chas. S. Finnell. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 113 Okla. 257, 230 Pac. 912.

Chastain & Harris, for plaintiff in error.

Everest Vaught & Brewer, for defendant in error.

CLARK, J. This action was commenced in the district court of Oklahoma county by Alice E. Finnell against Chas. S. Finnell. For convenience the parties will be referred to as they appeared in the lower court.

Plaintiff alleged that plaintiff and defendant were married August 19, 1917, at Oklahoma City, and of said marriage one child, a daughter, was born, age five years. Plaintiff further alleged that defendant had been guilty of extreme cruelty and gross neglect of duty to the plaintiff, and that defendant had failed and refused to support her and her said child.

Defendant filed an answer and cross-petition in the nature of a general denial of the allegations of plaintiff's petition, and charged in his cross-petition that plaintiff had insisted on workng away from home, that she neglected her household duties, and had been guilty of extreme cruelty toward the defendant, and that she had been keeping company with other men and that such conduct on the part of the plaintiff was humiliating in the extreme to the defendant

and caused him great worry and distress. Defendant prayed for divorce and asked to be given custody of the child of said marriage.

This cause was tried to the court and judgment was entered for the plaintiff for a decree of divorce and custody of the child of said marriage, and giving plaintiff $20 a month alimony for support and maintenance of the child. Motion for a new trial was overruled, and the defendant appeals to this court.

Assignments of error are as follows:

(1) Error in failure to grant new trial. (2) Error of law occurring at the trial. (3) The judgment is not supported by the evidence and is contrary to the law. (4) There is not sufficient evidence upon which to base said judgment. (5) The said judgment is against the clear weight of the evidence."

All the assignments of error may be treated as one. The only question before this court is, Is the judgment against the clear weight of the evidence?

We have examined the record in this case carefully, and the principal part of the testimony was by the plaintiff and defendant, with few corroborated circumstances by other witnesses. The evidence discloses that the defendant's treatment of plaintiff in their relation as husband and wife, as disclosed by the testimony of the plaintiff, was sufficient to destroy the peace of mind and to seriously impair the health of the plaintiff. The evidence further discloses that the defendant was suspicious of his wife and accused her of many indiscretions and wrongful acts, accused her of wrongful acts in her association with other men, which accusations within themselves would amount to extreme cruelty if unfounded and untrue. The defendant testified at the trial that he did not believe that his wife was unfaithful to him, yet the record discloses that he was continuously spying on her, and that he had employed two men to watch her.

The evidence further discloses that a short time after the child was born the plaintiff returned to work where she had been formerly employed before her marriage, and that all her earnings were turned over to the defendant and by him used to assist his father in paying mortgages or debts against his father's property.

In the case of Kelley v. Kelley, 1 Pac. 194, the Supreme Court of Nevada said:

"In actions for divorce on the ground of extreme cruelty, the element of danger to life, limb, or health must exist to constitute legal cruelty; but actual or threatened physical violence is not necessary to produce this effect; it may be accomplished by any continued course of insults and humiliations—health and even life may be destroyed thereby. The statute contemplates cases where a husband may be complainant as well as a wife, because he may possibly be the weaker party, and because, if not, he may be tempted to use violence in self-defense."

In the case of Rowe v. Rowe, 115 Pac. 553, the Supreme Court of Kansas said:

"Extreme cruelty exists when the conduct of the husband or wife is such that the life or health of the other may be endangered, or when such conduct unjustifiably wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other, or is such as utterly destroys the legitimate objects and aims of matrimony; and, when words alone are relied on, it must appear that they were uttered, not merely as complaints against the real or apparent misconduct of the other but that they were uttered without justifiable cause, and for the purpose of inflicting pain."

Extreme cruelty does not mean that the defendant should strike or maim the plaintiff, but any conduct on the part of the defendant that would destroy the happiness and health of the plaintiff and defeat the very purposes of matrimony would be extreme cruelty. The conduct on the part of the defendant in the case at bar was unreasonable and tended to, and did, destroy the peace and happiness of the plaintiff, and continued until plaintiff was compelled to abandon the defendant.

The testimony of the plaintiff was straightforward and reasonable and did not show malice or hatred as usual in cases of this character. The trial court had an opportunity to observe the witnesses on the witness stand, their demeanor, and to weigh the testimony, and we cannot say that the court erred in finding for the plaintiff. This being a case of purely equitable cognizance, the rule is well established that this court will not interfere with the judgment of the lower court unless the same is clearly against the weight of the evidence.

We therefore conclude that the judgment of the trial court is not against the weight of the evidence, and the judgment is affirmed.

NICHOLSON, C. J., and HARRISON, MASON. PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. pp. 897, §2867; 900, §2869. (2) 19 C. J. pp. 50, §89; 51, § 93; anno. 18 L. R. A. (N. S.) 305; 34 L. R. A. (N. S.) 360; 9 R. C. L. pp. 334, 335; 2 R. C. L. Supp. 782, 5 R. C. L. Supp. 509.