## NEWBERRY v. NEWBERRY.

No. 21812. Opinion Filed Feb. 17, 1931.

Rehearing Denied March 3, 1931.

Geo. B. Forrester, for plaintiff in error.

Ben C. Arnold, for defendant in error.

CULLISON, J. This is an action for the care and custody of a minor child and for costs for maintenance of said child. This action grows out of a divorce proceeding wherein plaintiff sued for and was granted a divorce from the defendant. The divorce action, however, is not before this court.

Plaintiff in error was defendant below. Defendant in error was plaintiff below. The parties will be referred to as they appeared below.

The divorce proceeding was heard by the Hon. T. G. Chambers, a district judge in and for Oklahoma county, Okla., and at the conclusion of said hearing the court rendered the following judgment:

"Judgment of Court.

"It is therefore, ordered, adjudged and decreed by the court that the plaintiff, Eula Mae Newberry, be, and she is hereby granted a divorce from the defendant, Charles A. Newberry, on the grounds of gross neglect of duty on his part, and custody of the minor child, Gloria Jeanne Newberry, from the 1st day of June until the 1st day of September of each year, or during the school vacation period, and that the defendant be awarded the care and custody of the minor child from the 1st day of September until the 1st day of June of each year, or during the school year, and that the defendant be required to support, educate and maintain said minor child during the entire year, and that each party shall have the right to visit the child during all seasonable times, and that neither shall deny the other said privilege, and that each parent shall teach the child to revere and respect the father and mother of said child, and that the cost of this action in the sum of $3 shall be taxed against the defendant.

"This divorce shall not become absolute or take force and effect until after the expiration of six months from the signing of this decree.

"Witness, T. G. Chambers, judge of the district court within and for the 13th Judicial District, sitting within and for the county of Oklahoma, state of Oklahoma, this 21st day of March, 1929.

"(Signed) T. G. Chambers, Judge."

On June 2, 1930, plaintiff made application for an order requiring the defendant to pay a reasonable sum for the care and maintenance of their minor child.

On June 3, 1930, plaintiff filed a supplemental motion denominated "application for order changing custody of minor child," in words and figures as follows, to wit:

"Application for Order
"Changing Custody of
"Minor Child.

"Comes now the above named plaintiff and

250

alleges and represents to the court that she and the defendant were divorced the 21st day of March, 1925; that by the final decree entered in this cause, the defendant, Charles A. Newberry, was given the custody of the minor child from the 1st day of September until the 1st day of June of each year, and plaintiff was awarded the custody of said child from the 1st day of June until the 1st day of September of each year; that from the date of said divorce, this plaintiff by and with the consent of the defendant had the custody of said child until September 3rd, 1929; that during said time this plaintiff entirely supported said child from the proceeds of her own efforts and was in every way courteous and respectful toward the defendant and furnished him every reasonable and proper opportunity of visiting and associating with said child; that she never in any way denied the defendant said privileges; that she made an earnest and honest effort to and did teach said child to love and respect the defendant, its father; that during said time, said defendant did not want nor care to be burdened with the responsibility of the custody of said child; that after defendant's marriage subsequent to the divorce hereinbefore referred to. defendant took said child as above alleged: that from the time said defendant took said child into his custody and up to the present time, he has not been courteous nor respectful to this plaintiff on the occasions when she has attempted to visit with and associate with said child: that the home surroundings and teachings and environment thereof are estranging said child from this plaintiff, her mother;

"That said child is a girl of the age of four; that the defendant has been insulting, disrespectful and insolent toward this plaintiff in the presence of said child at the times when she went to the expense and trouble of coming to Oklahoma City from Arkansas City, Kansas, for the sole and only purpose of visiting and associating with said child, whom she dearly loves: that defendant has on repeated occasions threatened to take said child out of the jurisdiction of this court, and refuse to let plaintiff visit and associate with said child; that plaintiff is employed and financially able to care for and support said child in the event the defendant refuses to support her.

"That on the 1st day of June, 1930, plaintiff came to Oklahoma City and respectfully asked the defendant to give her the custody of said child according to the terms of said divorce decree, but said defendant in an insulting and disrespectful manner and with the use of profanity refused her the custody of said child and even refused to let her visit with her; that on account of the arrogant and stubborn disposition of the defendant, he does not have the kind of mental temperament that would be conducive to the best welfare of said child; that it would

be to said child's best interest that she have the custody of said child and that the order heretofore made relative thereto be changed.

"Wherefore, plaintiff prays that an order of court be entered in this cause giving the plaintiff custody of said minor child; with proper and suitable order relative to visitation and association with said child by the defendant and for such other and further relief as in equity or law she may be entitled."

"(Signed) Ben C. Arnold, Attorney for the Plaintiff."

The record in this case shows that plaintiff and defendant were married March 17, 1924. They were divorced March 21, 1929, but had not lived together as husband and wife since November 12, 1928.

The decree of divorce provided that defendant should have custody of the child from September 1st to June 1st, or during the school term of each year; that plaintiff was to have custody of the child from June 1st to September 1st, or during the vacation period of each year.

The divorce decree also provided that defendant should support, educate, and maintain the child during the entire year.

Soon after the divorce was granted, plaintiff returned to her former home in Arkansas City, Kan., and took with her the child. At the time of granting the divorce it was agreed by the parties that plaintiff should retain possession of the child from the date of the divorce, March 21, 1929, until September 3, 1929.

Plaintiff says that during the period from March 21, 1929, to September 3, 1929, she entirely supported said child from proceeds of her own efforts.

Some time after the divorce was granted (the record does not disclose the time) defendant married his second wife and took the child into his home in Oklahoma City, Okla.

On June 5, 1930, in response to plaintiff's motion, defendant filed his motion asking for the exclusive care and custody of said child, and in support of his said motion says:

"Motion to Modify Order as to Custody of Child.

"* * * Par 3: That the plaintiff is a woman of immoral tendencies, has a reputation in Oklahoma City as being an immoral woman, and has been guilty of conduct unbecoming a wife and mother, and is an unfit person to have the care and custody of said minor child, of the tender years of four years of age; that said plaintiff has on numerous occasions left and deserted said minor child

for long periods of time and her whereabouts at said time were unknown to the persons having the care of said minor child.
* * *

"(Signed) Geo. B. Forrester, Attorney for the Defendant."

On August 2, 1930, a hearing was had before the Hon. Geo. W. Clark, judge of the district court of Oklahoma county, at the conclusion of which the court rendered the following judgment:

"Judgment of Court.

"Wherefore, it is ordered, adjudged and decreed that the plaintiff have, and she is hereby given complete charge and custody of said minor child and the defendant is hereby ordered to pay to the clerk of the district court of Oklahoma county, Oklahoma, the sum of twenty-five ($25.00) dollars per month for the support and maintenance of said child, first payment to be made on the 15th of August, 1930, and a like sum on the 15th of each month thereafter. Said care and custody of said child to remain in the plaintiff and the defendant to pay said sums, as above set forth, for the support and maintainance of said child, until the further order of this court.

"It is further ordered, adjudged and decreed that all orders made and entered in said cause prior to this date relative to the care and custody and support of said minor child are hereby vacated and set aside, and it is further ordered that the defendant pay the costs accrued in this action.

"Exception allowed defendant to said final order made herein.

"(Signed) Geo. W. Clark, Judge of the District Court."

A motion for a new trial was presented and by the court overruled. Defendant excepts to the judgment of the court and brings the case here on appeal.

Defendant, plaintiff in error, in his motion for a new trial assigns many errors on the part of the court, only two of which need our attention.

First: That the finding against the defendant and in favor of the plaintiff upon the evidence introduced is contrary to the law and the evidence.

Second: That said judgment is not supported by the law and the evidence.

We will consider the two assignments of error together. The only question for our determination is one of fact. The legal questions involved are elementary. There are no property rights involved; so it becomes necessary for us to read the entire record in the case, which comprises more than 450 pages of typewritten matter.

The only proposition for our determination:

"Is the evidence sufficient to warrant the trial court in finding for the plaintiff and awarding her the care and custody of the minor child?"

It will be observed from reading "paragraph 3," supra, in the defendant's motion for custody of child, that he seeks to defeat the plaintiff and deprive her of the custody of her child by attacking plaintiff's character.

The testimony in this case consists largely of depositions, of many witnesses, taken in Arkansas City, Kan., where plaintiff and defendant formerly lived and were married. They subsequently moved to Oklahoma City, Oklahoma county, where they were divorced.

We have read the entire record in the case, consisting of more than 450 pages, and deem it unnecessary to incumber this opinion by setting out the evidence adduced at the trial.

It will be observed that not a single act, word, or deed is specifically set out or pleaded in defendant's motion to modify the original order of the court respecting the alleged immoral conduct of the plaintiff. The defendant's attorney, however, in his brief filed herein, and on the trial of the case most persistently attempts to show that plaintiff is an immoral person and not worthy of the care and custody of her child. He propounds to each and every witness, including plaintiff's witnesses, the same and identical insinuating questions seeking some evidence to prove that plaintiff had been guilty of many acts of immoral conduct. A small number of defendant's friends who are members of the same club with defendant, and their wives, all of whom live in Arkansas City, Kan., did testify that plaintiff's reputation was bad.

After a very careful reading, and much rereading, of the entire testimony in this case, we are convinced, and conclude: That the accusations made against this plaintiff originated in the mind of the defendant. It is our opinion that the defendant has utterly failed to prove by competent evidence a single act of immoral conduct on the part of the plaintiff.

Plaintiff called as witnesses many of her old and new friends living in Arkansas City, Kan., all of whom were quite well acquainted with plaintiff; nearly all of whom lived in the same neighborhood of plaintiff; a number of them have known her since childhood; all knew her from two to five years; many of them had been in the home of her father

and stepfather, with whom she made her home; that they had an opportunity to know of the home influences surrounding the child, and the care she daily received from her mother, the plaintiff herein.

We find by a vast preponderance of the evidence in this case that plaintiff's reputation for morality, veracity, and sobriety in the city of Arkansas City, Kan., the community in which she lives, is good.

Many of the witnesses testified that plaintiff is a neat and tidy housekeeper; that she is kind and gentle with her child; that she keeps the child neat and clean; that she is a wonderful mother; really above the average and a very fit person to have the care and custody of her child.

We further find from the evidence that defendant was untrue to his wife, the plaintiff herein, during their marital relations; that his conduct prior to and during their married life was very reprehensible and of such character no good woman could or would be expected to tolerate. In truth, his wrongdoing brought grief and sorrow to plaintiff and was the sole cause of their separation.

We think the trial court very properly found the defendant at fault and that he is not a fit person to have the care and custody of a young, tender child, and that the evidence sustains the judgment of the trial court in giving the care and custody of this minor child to the mother, plaintiff herein, and directing that the defendant, plaintiff in error, should pay the sum of $25 per month for the keep and maintenance of said child.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, HEFNER, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (2) 9 R. C. L. p. 459 (3) 9 R. C. L. p. 472; R. C. L. Perm. Supp. p. 2478.