## RILEY v. RILEY.

No. 23240. April 30, 1935.

Rehearing Denied May 21, 1935.
Application for Leave to File Second Petition for Rehearing Denied June 4, 1935.

John McCuen, for plaintiff in error.

L. E. Roach and Gerald F. O'Brien, for defendant in error.

PER CURIAM. This appeal presents for review a decree of divorce and alimony

granted to Ina Elizabeth Riley, hereinafter referred to as plaintiff, by the district court of Tulsa county, from which J. P. Riley, the defendant, appeals, assigning as error that the decree is contrary to law, against the weight of the evidence, the $1,000 alimony excessive, and in denying a new trial.

The parties each petitioned for divorce and submitted their proof chiefly upon issues of gross neglect of duty and extreme cruelty.

The evidence discloses that the parties were previously married, and that within a year thereafter, in Feburary, 1920, the wife was granted a divorce upon grounds of gross neglect and cruelty.

The parties, more particularly the husband, subsequently manifesting a disposition to remarry, on May 22, 1930, renewed their marital relations apparently hopeful but with slight prospects of matrimonial felicity. Within a few weeks the verbal assaults of the husband, aggravated materially by conduct in other respects characteristic of an inebriate, were renewed.

The record also reflects that the defendant habitually resorted to and applied vile and profane language toward the plaintiff, which outbursts included unwarranted complaints and insinuations reflecting upon the character and conduct of the plaintiff. The record abounds in testimony reflecting decidedly intemperate habits of the defendant and of vituperative language directed toward the plaintiff. The evidence as a whole reflects the habits, demeanor, and conduct of the plaintiff to be more commendable than otherwise.

After carefully reviewing all of the evidence, this court cannot say that the judgment rendered by the trial court is clearly against the weight of the evidence. Privett v. Privett, 93 Okla. 171, 220 P. 348.

In view of the station and circumstances of the parties and the extent and value of the property involved, we cannot consistently conclude that the alimony as allowed is excessive.

The trial court had opportunity to observe the witnesses and to determine the weight and credit to which their testimony was entitled. There being ample evidence to support decree and judgment of the trial court, and it having decided the issues in favor of the plaintiff, this tribunal is not, in the absence of reversible error with respect to the other features of the case, at liberty to disturb the same.

"In a divorce action, where the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the decree of the trial court, the same will not be disturbed on appeal." Panther v. Panther, 147 Okla. 131, 295 P. 219; Bussey v. Bussey, 148 Okla. 10, 296 P. 401; Barker v. Barker, 99 Okla. 103, 218 P. 812; Finnell v. Finnell, 113 Okla. 164, 240 P. 62.

The judgment and decree of the trial court, including the alimony as allowed, should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys C. B. McCrory, E. F. Maley, and G. R. Horner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCrory and approved by Mr. Maley and Mr. Horner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon the consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.