## CLARK v. CLARK.

No. 26632.  Sept. 8, 1936.

Rehearing Denied Oct. 6, 1936.

Roe & Roe, for plaintiff in error.

Mounts & Chamberlin and R. L. Christian, for defendant in error.

PER CURIAM. This appeal presents for review a decree granting a divorce and providing for the custody of a minor child and division of property granted to Violet Clark, hereinafter referred to as plaintiff, by the district court of Tillman county, from which O. L. Clark, the defendant, appeals, assigning as error that the trial court erred in granting the divorce to the plaintiff, and erred in awarding to plaintiff the child of said parties for a period of nine months continuously, and prohibiting the defendant from visiting or having communication with said child during said period, and erred in awarding to plaintiff an undue proportion of the property of the defendant by way of alimony.

The evidence discloses that the parties were married November 1, 1922, and that of that marriage one child was born, who at the time of the trial was approximately five and one-half years old. Plaintiff adduced evidence to the effect that defendant had been guilty of extreme cruelty and gross neglect of duty, and the defendant and his witnesses testified that the defendant at all times demeaned himself in a fitting and proper manner, and had contributed as much money to the support of the household as was possible, under the existing circumstances.

1, 2. After carefully reviewing all of the evidence, this court cannot say that the judgment rendered by the trial court is clearly against the weight of the evidence. . Privett v. Privett, 93 Okla. 171, 220 P. 348. The trial court had opportunity to observe the witnesses and to determine the weight and merit to which their testimony was entitled. There being ample evidence to support the decree and judgment of the trial court, it having decided the issues in favor of the plaintiff, this tribunal is not, in the absence of reversible error with respect to the other features of the case, at liberty to disturb the same.

"In a divorce action, where the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the decree of the trial court, the same will not be disturbed on appeal." Panther v. Panther, 147 Okla. 131, 295 P. 219; Bussey v. Bussey, 148 Okla. 10, 296 P. 401; Barker v. Barker, 99 Okla. 103, 218 P. 812.

3. The trial court awarded the homestead and household furniture therein to the plaintiff, as her share of the division of the property, and as and for complete settlement for alimony and support of the minor child. There is an insufficient showing that such an award is contrary to the clear weight of the evidence, and, for that reason, said portion of the decree is affirmed. Smith v. Smith, 169 Okla. 305, 36 P. (2d) 886; Bussey v. Bussey, supra.

4. The trial court found that the care and custody of the minor would be confined to the plaintiff from the first day of September to the first day of June of each year, and enjoined the defendant from interfering with the child, or from visiting said child except upon invitation or with the express consent of the plaintiff. The court further ordered that the child be kept in the custody of the defendant from the first day of June to the first day of September of each year, with a similar restriction as to the mother visiting the child during such time, unless such a visit was invited by, or consented to, by the defendant.

The learned court below properly stated that divorce decrees granting custody of a minor to either of the parties to a divorce action, and providing for the right of visitation by the other parent, may frequently give rise to a great deal of difficulty, both as between the parties and between them and the trial court. This, we think, is true, but we do not believe that such difficulties, and the possibility of future complaints, should have sufficient and controlling weight and influence so as to deny either parent the right of visiting the minor child at reasonable times after divorce. While that portion of the judgment is not final (Bruce v. Bruce, 141 Okla. 160, 285 P. 30, Bussey v. Bussey, supra), we cannot approve it. In only exceptional cases should a parent be denied the right to visit his minor child after his custody has been awarded by decree of divorce. The record shows no reason why the plaintiff or the defendant should not be permitted to visit the child

at all reasonable times during which he is in the custody of the other parent. The welfare of the child is the paramount consideration under such circumstances, and since there is no evidence in the record that would tend to show that any detriment would tend to be suffered by allowing the plaintiff and the defendant to visit the child at all reasonable times during the time that the child is in the custody of the other parent, the trial court is, therefore, directed to enter judgment giving the defendant the right to visit the minor child at any reasonable time on Saturdays and Sundays during the months that the child is in the custody of his mother, and giving the plaintiff the right to visit the child at any reasonable time during the months that the child is in the custody of his father, subject, however, to the further order of the court.

We therefore conclude that there is sufficient evidence to support the judgment as hereinabove directed to be modified.

The case is remanded to the trial court, with directions to proceed in accordance with the views hereinabove expressed.

The Supreme Court acknowledges the aid of Attorneys W. M. Fleetwood, C. E. Baldwin, and Morse Garrett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fleetwood, and approved by Mr. Baldwin and Mr. Garrett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.