## HAYES v. HAYES.

No. 26166.   Oct. 13, 1936.

Rehearing Denied Nov. 17, 1936.

J. S. Severson, for plaintiff in error.

Hickman & Ungerman, for defendant in error.

PER CURIAM.   Grace Edna Mae Hayes instituted this suit against her husband, Marvin Hayes, for divorce, division of property, custody of their five-year old child and for its support. Her husband filed a cross-petition for divorce and for custody of the child. After trial upon the merits, the trial court rendered judgment granting plaintiff a divorce, the custody of the child and $3 per week for its support. The property of the parties consisted of a small amount of personal property and household goods. It was equally divided between the parties without objection.

The parties will be hereinafter referred to as they appeared in the trial court. To reverse the case the defendant contends that the judgment was contrary to the law and the evidence. The brief of defendant asserts:

"That this court should reverse the judgment of the lower court and grant a divorce in favor of plaintiff in error and grant to him the child of said marriage."

It is urged that the plaintiff did not allege and prove sufficient facts to entitle her to a divorce.

Defendant did not challenge plaintiff's petition by demurrer. He filed an answer and cross-petition in which he charged the plaintiff with gross neglect of duty and other misconduct. At the trial the plaintiff produced ample testimony to substantiate the allegations of her petition. In addition thereto, without objection from the defendant, plaintiff was allowed to prove that the defendant abused her, falsely accused her of misconduct, and slapped her.

The allegations of plaintiff's petition were:

"That for the past three years defendant has failed, neglected and refused to support said plaintiff or their minor child, although during said time defendant has been regularly employed and earned sufficient money to assist said plaintiff in the support of their minor child."

In support of these allegations the plaintiff testified and was corroborated by other witnesses, that for several years she was obliged to work in a cleaning and pressing shop to support herself and child, and that defendant, although regularly employed and earning living wages, failed, refused, and neglected to support her and the child. The defendant contends that nonsupport is not a statutory ground for divorce. While it is true that the statute does not enumerate nonsupport as a ground for divorce, it is well settled that failure to support may amount to gross neglect of duty. A substantial failure of a husband to provide suitably for his wife's support when he is able to do so, is gross neglect of duty, entitling the wife to a divorce. Lee v. Lee, 38 Okla. 388, 132 P. 1070; McGee v. McGee, 43 Okla. 396, 143 P. 178.

The burden is upon the defendant in this appeal to show that the findings and judgment of the trial court were against the clear weight of evidence. Burke v. Burke,

119 Okla. 254, 249 P. 1110; Newberry v. Newberry, 147 Okla. 249, 296 P. 202; Riley v. Riley, 172 Okla. 460, 45 P. (2d) 466.

A decree of divorce entered on conflicting evidence will not be disturbed on appeal if there is sufficient evidence to sustain the decree. Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Riley v. Riley, supra.

We have carefully examined all the evidence. The evidence was in sharp conflict. Plaintiff produced testimony ample and sufficient to sustain her charges of gross neglect of duty, and in addition thereto that the defendant abused and struck her. The defendant produced testimony ample and sufficient to sustain his cross-action. The trial court had an opportunity to observe the witnesses and to determine the weight and credit to which their testimony was entitled. There being ample evidence to support the testimony and judgment of the trial court, this tribunal is not, in the absence of reversible error with respect to other features of the case, at liberty to disturb the same.

Plaintiff was granted custody of the child and $3 per week for its support. Ample provision was made in the decree for the defendant to visit the child at all reasonable and proper intervals. At the time of the trial it did not appear that the defendant was in a position to properly care for the child. He had no suitable place to keep the child. From the record it appears that the trial court did not err in granting the custody to the plaintiff. This order was interlocutory. If the circumstances of the parties should so change that the best interest of the child would be served by modifying this order, the trial court may, and will do so.

The judgment and decree of the trial court should be affirmed, and it is so ordered.

The Supreme Court acknow'edges the aid of Attorneys Chas. L. Orr, Frank L. Warren, and W. T. Anglin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Orr and approved by Mr. Warren and Mr. Anglin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.