COLVIN v. COLVIN.

No. 27974.   July 5, 1938.

John L Maynard and E. M. Carter, for plaintiff in eror.

Steele & Boatman, for defendant in error.

PER CURIAM. On the 30th day of September, 1936, C. W. Colvin commenced an action against Mary Jane Colvin for divorce. A judgment was rendered for the plaintiff for divorce on the 24th day of February, 1937, from which judgment Mary Jane Colvin appeals. The action was based upon extreme cruelty, and the testimony is rather voluminous. Plaintiff was 70 years old at the date of the trial and the rendition of the judgment. The age of the defendant does

not appear in the record that we can find, and at least it has not been called to our attention. The defendant at the time of the marriage had a grown daughter and a son somewhat younger who later died. Occasioned by his death she was paid a certain sum of insurance. Of this sum plaintiff borrowed $800. This debt between them, together with other relationships, created a rather unfavorable and unpleasant condition during their marital status.

Plaintiff in his petition sets up that he borrowed this money, but that he is willing to borrow the money to pay said indebtedness.

In an anwer and cross-petition, the defendant alleges that this $800 became the source of an attempt on the part of the plaintiff to adjust property rights so that he could get rid of the defendant.

We have gone fully into the testimony and find that the same sustains the allegations of the petition in so far as extreme cruelty is claimed. In Horner v. Horner, 166 Okla. 103, 26 P.2d 929, this court said:

"The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of section 665, O. S. 1931."

This disposes of the first contention, that the judgment is not sustained by the clear weight of the evidence in so far as the allegation of extreme cruelty is concerned.

The next assignment of error of the defendant is that the court erred in failing to give the defendant separate maintenance on her answer and cross-petition. In addition to the allegation as above set out, with reference to the lending of the $800 to the plaintiff, defendant alleges that the plaintiff is possessed of a great deal of property, approximating $40,000. We are constrained to say that the evidence does not justify any such allegation. The evidence reflects that the parties have about the same financial status. Plaintiff probably has a little more than defendant; but the defendant is possessed of a duplex in Okmulgee which she has transferred to her daughter who is married, and defendant has an 80-acre farm on the paved highway between Morris and Okmulgee, together with certain other assets in cash or in bonds. None of the property was acquired by the joint industry of husband and wife. We

do not deem it of any value to discuss the various allegations and claims as to the difference in the financial status. We think this matter has been thoroughly covered by the court in Hughes v. Hughes, 131 Okla. 33, 267 P. 620, in which this court said:

"Where a divorce is granted the husband because of the fault of the wife, the court should make a fair and equitable division of the property acquired by the joint industry of the parties during marriage, but in such case no division should be made of the separate property of the husband acquired prior to the marriage."

See, also, Finnell v. Finnell, 113 Okla. 164, 240 P. 62, and Stocker v. Stocker, 173 Okla. 64, 47 P.2d 107.

In the judgment of the trial court the defendant was given her $800, with interest thereon, and she has taken this $800 according to the certificate of the court clerk filed in a former motion to dismiss. She has her separate property as above set out. Neither the plaintiff nor the defendant seems possessed with more than necessary worldly goods. We cannot say as to this point that the judgment was in error or against the clear weight of the evidence.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.