## GRAHAM v. GRAHAM.

No. 28116. Nov. 22, 1938.

Rehearing Denied Dec. 20, 1938.

124

Kathryn Van Leuven, for plaintiff in error.

Bruno Miller, for defendant in error.

PER CURIAM. On November 20, 1933, the plaintiff in error, hereafter referred to as plaintiff, filed in the district court of Oklahoma county a petition for separate maintenance and alimony from the defendant in error, hereafter referred to as defendant. An ex parte order was made the same day whereby the defendant was directed to pay an attorney fee and to pay alimony pendente lite. The defendant, on November 22, 1933, filed in said cause an application to modify the order so made. Nothing further appears to have been done in the matter until July 9, 1934, at which time the application for alimony pendente lite and attorney fees was withdrawn by the plaintiff, and thereupon the defendant filed in the cause his answer to the petition of the plaintiff and a cross-petition wherein he sought a divorce from the plaintiff on the ground of extreme cruelty. The plaintiff neither replied to the answer nor answered the cross-petition of the defendant, and the parties thereafter, on May 13, 1937, proceeded to trial without, in any manner, challenging the sufficiency of the pleadings. The trial court gave the defendant a decree of absolute divorce from the plaintiff and certain property and gave to the plaintiff all of her separate property and the sum of $2,500 as representing her share of the jointly acquired property, and a further judgment for $2,500 as permanent alimony. The $2,500 awarded to the plaintiff as representing her share of the division of jointly acquired property was directed to be paid to her within 90 days and the alimony made payable at the rate of $50 per month until the entire amount awarded had been fully paid. The plaintiff appeals from the judgment so rendered and the order which overruled and denied her motion for new trial. The plaintiff assigns six specifications of error and thereunder contends in substance that the cross-petition of the defendant did not allege facts sufficient to support a decree of divorce in his favor and against plaintiff, and that the evidence is insufficient to support the decree of divorce rendered on the cross-petition of the defendant.

The sufficiency of the cross-petition, as we have stated before, was in no manner challenged in the trial court, but is in this court questioned for the first time. It is well settled that when the sufficiency of a petition or cross-petition is questioned for the first time, either in a motion for new trial or in this court on appeal, it will be held good if, by liberal construction, it states, even though somewhat defectively, a cause of action, and that such objection should not be sustained unless there is a total failure to allege some matter essential to the relief sought. McDaniels v. McDaniels, 152 Okla. 258, 4 P.2d 112; Porter v. State ex rel. Mothersead. 122 Okla. 226, 253 P. 985; Hall v. Bruner, 36 Okla. 475, 127 P. 255. The cross-petition of the defendant charged the plaintiff with acts constituting extreme cruelty, and while the allegations may have been subject to a motion to make more definite and certain, they were, in the absence of such motion, sufficient, and under the rule announced in the above-cited authorities should be so held. The contention of the plaintiff to the contrary is not well taken and cannot be sustained.

The plaintiff next urges that there was not sufficient evidence to support the judgment granting the defendant a divorce on his cross-petition. In support of this contention the plaintiff insists that it was necessary that the proof show either "(1) that the conduct of the wife, plaintiff in error, had been such that the life or health of the defendant in error was endangered; or (2) that the plaintiff in error had been guilty of such conduct that the mental feelings of defendant in error were unjustifiably wounded; or (3) that the conduct of the plaintiff in error had so destroyed the peace of mind of defendant in error that his health had been seriously impaired and life endangered, or was such as utterly to destroy the legitimate objects and aims of matrimony." Cited in support thereof are Feyerherm v. Feyerherm, 128 Okla. 147, 262 P. 199; Finnell v. Finnell, 113 Okla. 164, 240 P. 62; 9 R. C. L. 118; Reed v. Reed, 119 Okla. 5, 246 P. 413. We gather from plaintiff's argument that it is her contention that, since the evidence fails to reveal any specific act of violence on her part or any other particular thing which could be pointed to as inflicting any injury above mentioned, therefore the finding of extreme cruelty cannot be supported. This is not the rule in this state. The prior decisions of this court, including several of the cases cited by plaintiff, were reviewed in the case of Hornor v. Hornor, 166 Okla. 103, 26 P.2d 929, and therein the court said:

"The conduct of either spouse which grievously wounds. the mental feelings of the

other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of section 665, O. S. 1931."

This rule has subsequently been followed in the case of Stocker v. Stocker, 173 Okla. 64, 47 P.2d 107. In the case at bar the plaintiff in her petition for separate maintenance and alimony charged the defendant with being guilty of acts of extreme cruelty toward her, and the defendant in his cross-petition made similar charges against the plaintiff. The evidence as disclosed by the record shows that the parties were married on January 22, 1911, and that they each had a small amount of property, and that the defendant was an employee in the post office and received a salary of approximately $300 a month; that the parties had three children of their union, all of whom are now grown; that defendant had supported his family through the years in accordance with his station in life and had given the children more than ordinary educational advantages, and that the married life of the parties had been more or less uncongenial since its inception, and that there had gradually arisen a condition whereby the parties had drifted further and further apart as the years passed, until sometime prior to the institution of this action by the plaintiff they had ceased to cohabit, and that the marital relation has never been resumed and apparently never would be; that at the date of the trial the parties were each approaching 60 years of age and had become so embittered over their wrongs, actual or fancied, which each thought he or she had suffered at the hands of the other that there was apparently no prospect of the parties becoming reconciled or reunited, and that such condition has been brought about not by any definite act of either, but rather by the many acts of both, and that the responsibility for the condition rested upon the parties almost equally. It appears further from the evidence that the act of the plaintiff in bringing an insane woman into the home without consulting the defendant and insisting that she remain there, then again bringing her back into the home, was the culminating act which resulted in the final rupture between the parties, and that from the testimony of the plaintiff she appears to have been of the opinion that the home was hers and that she would be justified in proceeding in accordance with her ideas of right rather than deferring to the wishes and desires of her husband in the matter regardless of the effect of such action upon him. Thus, from the whole testimony it appears that a condition had grown up between the parties whereby a further continuance of the marital relation had been rendered very highly unpleasant if not actually intolerable, and that the plaintiff did not desire resumption of such relation, but merely wanted to obtain a separate maintenance and alimony order and continue the marital relation in name but not in fact. Under these circumstances this court is not prepared to say that the evidence did not preponderate in favor of the defendant. In a divorce action, where the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the decree of the trial court, such decree will not be disturbed here on appeal. Panther v. Panther, 147 Okla. 131, 295 P. 219; Bussey v. Bussey, 148 Okla. 10, 296 P. 401; Barker v. Barker, 99 Okla. 103, 218 P. 812. As said in Riley v. Riley, 172 Okla. 460, 45 P.2d 466:

"In an action for divorce this court will consider all the evidence and weigh it to ascertain whether or not the judgment is against its weight, and if not clearly against the weight thereof, will affirm the judgment."

See, also, Roberts v. Roberts, 175 Okla. 602, 53 P.2d 671; Clark v. Clark, 177 Okla. 542, 61 P.2d 28.

No contention is raised regarding the judgment with respect to division of property and alimony.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS. V. C. J., and RILEY, WELCH, and PHELPS, JJ., concur.