## NELSON v. NELSON.

No. 30074.   June 17, 1941.

*117 P. 2d 110.*

J. Dale Wallace, of Lincoln, Ark., for plaintiff in error.

A. N. Boatman, of Okmulgee, for defendant in error.

PER CURIAM. On April 13, 1940, the defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiff in error, hereinafter referred to as defendant, to obtain a divorce, custody of two minor children, money judgment for their support, attorney fees, division of property and to restrain the defendant from disposing of any of the property during the pendency of the litigation. The ground alleged for divorce was extreme cruelty. On the same day the petition was filed the court made an ex parte order which restrained the defendant from disposing of said property and required him to make certain payments for court costs and attorney fees and the support of plaintiff and the children during the pendency of the litigation. The defendant was served with summons and a copy of said order on the same day that it was made, and thereafter, on April 23, 1940, filed a motion to vacate the order, but before the court took any action thereon filed an answer in the cause upon which he proceeded to trial. In said answer the defendant denied that he had ever given the plaintiff any provocation for divorce, but on the contrary alleged that he had abundant provocation for such relief, but that he waived the same and did not desire a divorce, but in the event the court should see fit to grant one, that then he wished to be given custody of the children.

The evidence adduced at the trial was not in material conflict upon any issue except that of whether the defendant had given the plaintiff any adequate cause for divorce, and on this issue the evidence was in direct conflict. The court found the issues generally in favor of the plaintiff and gave her an absolute divorce, the custody of the children, a judgment for $75 per month for their support and maintenance and the household goods and furniture which had been accumulated during the marriage of the parties. The defendant appeals from the judgment so rendered and the order overruling and denying his motion for new trial.

The defendant assigns six specifications of error, which he further breaks down and presents under what he terms 19 points and authorities. The contentions thus made, with the exception of the contention that the ex parte order constitutes a denial of due process of law, reduce themselves to a single issue for decision, and is whether the evidence adduced at the trial was sufficient to sustain the judgment granting a divorce to the plaintiff.

The contention with reference to the invalidity of the ex parte order requires very little discussion. Such order is authorized by section 670, O. S. 1931, 12 Okla. St. Ann. § 1276, and has been held not to constitute a deprivation of property without due process of law. Grundy v. Grundy, 11 Okla. 423, 68 P. 509. The contention of the defendant in this respect is further untenable for the reason that he was served with a copy of the order on the day that it was entered and filed a motion to vacate the same, and thereafter before any action was taken filed an answer in the cause and went to trial thereon.

The remaining contentions of the defendant are based largely upon the fact that there was a direct conflict in the testimony of the plaintiff and of the

320

defendant over the alleged acts of cruelty upon which the decree of divorce rests. The defendant argues, in effect, that since plaintiff and he were the sole persons testifying to the particular acts involved, therefore there was an absence of necessary corroboration of the testimony of plaintiff, and that hence the proof was left in equipoise, and therefore plaintiff should have been denied relief for failure of evidence to preponderate. It is true that the testimony of plaintiff and defendant was in direct conflict upon the material issue presented, but it cannot be said that the evidence did not preponderate in the least degree in favor of the plaintiff or that the evidence of the plaintiff was wholly lacking in corroboration. As we read the record the testimony of the defendant tended to corroborate that of the plaintiff to some extent. According to his testimony the relation of the parties had been strained for some time, and for the last three years prior to the institution of the present action the parties had not lived together as husband and wife. Under all of the circumstances shown in the record, we think that the court could fairly deduce therefrom that the purpose and legitimate ends of the marriage had been destroyed and that there was no reasonable probability of a restoration of the marriage relations. This court has repeatedly held that such evidence is sufficient to sustain a finding of extreme cruelty. Stocker v. Stocker, 173 Okla. 64, 47 P. 2d 107; Horner v. Horner, 166 Okla. 103, 26 P. 2d 929. In a divorce action, where the evidence is conflicting as to the facts and the fault but is sufficient to sustain the decree rendered, this court on appeal will not disturb the judgment of the trial court. Panther v. Panther, 147 Okla. 131, 295 P. 219; Bussey v. Bussey, 148 Okla. 10, 296 P. 401; Barker v. Barker, 99 Okla. 103, 218 P. 812.

As said in Riley v. Riley, 172 Okla. 460, 45 P. 2d 466:

"In an action for divorce this court will consider all the evidence and weigh it to ascertain whether or not the judg-ment is against its weight, and if not clearly against the weight thereof, will affirm the judgment."

See, also, Roberts v. Roberts, 175 Okla. 602, 53 P. 2d 671; Clark v. Clark, 177 Okla. 542, 61 P. 2d 28.

It is not contended that the plaintiff is not a fit and proper person to have the custody of the children of the parties, nor is it urged that the amount allowed for their maintenance and support is excessive. Under all of the circumstances shown in the record, we find no reason for disturbing the judgment of the trial court.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.