ROUTH v. ROUTH.

No. 30540. Nov. 10, 1942.

*130 P. 2d 1000.*

Tom Durham, of Tulsa, for plaintiff in error.

C. Lawrence Elder, of Tulsa, for defendant in error.

PER CURIAM. The record discloses that the defendant had obtained a decree of separate maintenance prior to the action commenced in the trial court for divorce by the plaintiff. At the conclusion of all of the testimony the trial court found for the plaintiff and entered the decree of divorce.

This proceeding is brought by the defendant, and in the petition in error and brief in support thereof two propositions are presented. It is argued that where there is a decree of separate maintenance unmodified and from which no appeal is taken, this constitutes a determination which prevents either party from obtaining a divorce. The rule is stated in Stout v. Stout, 182 Okla. 490, 78 P. 2d 665, wherein the court sustained a divorce decree in favor of a husband where the wife had obtained a former decree of separate maintenance and stated that acts of cruelty occurring after the husband and wife have had a legal separation are sufficient to constitute a statutory ground for divorce on the ground of extreme cruelty. It is a well-recognized rule that a decree of separate maintenance is no bar to a subsequent decree for absolute divorce on a ground arising after a former decree. 17 Am. Jur. Divorce 178; Kunze v. Kunze, 25 A.L.R. 1045, and notes.

It is also argued that there is no evidence that justifies the finding of the trial court. We hold that the plaintiff was entitled to a divorce on the evidence introduced at the trial for causes arising after the decree of separate maintenance. The testimony tended reasonably to disclose that due to some unfortunate circumstances which led in all probability to the original decree of separate maintenance, defendant continually indulged in abusive, accusative, and vituperative conversations with the neighbors and friends of the plaintiff, pretending to want to re-establish the marital relation; that she would often call women of the neighborhood claiming to want to know of the whereabouts of her husband; that she often used aliases and questioned the neighbors with relation to the plaintiff's business dealings and social conduct; that at one time she threatened to kill him and any woman companion seen with him. She did not deny any of this in any particular, but attempted to establish the theory that she was trying to get the plaintiff to return to his home and live with her. It seems to be her theory that because of the aforementioned unfortunate circumstances she had the right to dictate where he should make a living and in what manner he should conduct his entire social existence. Defendant urges that there is no evidence of physical violence. With this we agree. This court has long been committed to the rule that it is not necessary that the husband and wife indulge in physical violence in order to give cause for divorce. In Hornor v. Hornor, 166 Okla. 103, 26 P. 2d 929, it is stated:

"The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seri-

ously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of . . . section 665, O. S. 1931."

See, also, Colvin v. Colvin, 183 Okla. 267, 81 P. 2d 305; Graham v. Graham, 184 Okla. 123, 85 P. 2d 314; Hassell v. Hassell, 185 Okla. 154, 90 P. 2d 885. The record discloses that all of these conversations were communicated to the plaintiff and he stated, and we are convinced, that it did impair his health and mental condition.

The testimony in in conflict. A decree of divorce entered on conflicting evidence will not be disturbed on appeal if there is sufficient evidence to sustain the decree. Hayes v. Hayes, 178 Okla. 206, 62 P. 2d 62; Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Riley v. Riley, 172 Okla. 460, 45 P. 2d 466.

The burden is upon the defendant in this appeal to show that the findings and judgment of the trial court were against the clear weight of the evidence. Hayes v. Hayes, supra; Burke v. Burke, 119 Okla. 254, 249 P. 1110; Newberry v. Newberry, 147 Okla. 249, 296 P. 202; Riley v. Riley, supra.

Finding no error in the proceedings, the judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and ARNOLD, JJ., absent.