BOLES v. BOLES.

No. 31200. June 6, 1944.

*149 P. 2d 502.*

Elam & Crowley, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

PER CURIAM. On June 25, 1941, Grace A. Boles, hereinafter referred to as plaintiff, filed in the district court of Garfield county her petition for an absolute divorce from Charles C. Boles, hereinafter referred to as defendant, and for division of property, alimony and other relief. The grounds alleged for divorce were acts of the defendant amounting to extreme cruelty. The defendant by amended answer and cross-petition denied the allegations of plaintiff's petition and alleged infidelity of plaintiff to her marriage vows and sought a divorce from plaintiff on said grounds. Answer to the cross-petition, which denied the allegations therein, charged infidelity of the defendant, and reply thereto constituted the respective pleadings. Trial was had upon the issues so framed. The evidence adduced at the trial was in conflict as to which of the parties was at fault in the divorce action. The evidence with respect to the properties of the parties was in substantial agreement and showed that the parties had been married in June, 1921, and of their union there had been born one child, who was approximately 20 years of age at the time of this action and who is married and in the Army, and that plaintiff and defendant had no property at the time of their marriage or for a long time thereafter, and that during said years defendant had

worked for small salaries in various localities and had turned his earnings over to the plaintiff to be used for living expenses, and that during said time plaintiff had also worked at various intervals in stores and in giving music lessons and that she had likewise employed the money so earned in the discharge of payment of living expenses; that in 1936 plaintiff's father had advanced the parties $34,000 with which they had bought a store in the city of Enid; that plaintiff and defendant had lived out of this business, which was very successful and that repayment of over $16,000 of the money advanced had been made, and that in addition thereto indebtedness on the home had been paid and part of the purchase price of an automobile had been made, and other household goods had been acquired from the earnings of the business; that another action had been instituted by O. H. Hayes against plaintiff and defendant to establish himself as a partner in the business and that in said action he had been adjudged to be the owner of a half interest in the said business, the remaining half interest therein being the property of plaintiff and defendant. The evidence further showed that the home was of the approximate value of $4,500; the household goods of the approximate value of $1,000 and the automobile of the approximate value of $500, and that the value of the half interest in the business was of the approximate value of $15,910, or that the aggregate value of the accumulated property of the parties was approximately $21,910. Under the evidence substantially as above narrated the court found that the fault of the plaintiff was the proximate cause of the disruption of the marital relation between the parties and awarded defendant a divorce on his cross-petition by reason of the fault of plaintiff, and on the evidence relative to the property the court found that all of the property had been jointly acquired during coverture, and awarded the plaintiff the home, the household goods, the automobile and 1905/34000 interest in the store. The court also directed payment of plaintiff's and defendant's attorneys' fees out of the money belonging to the store. Plaintiff appeals from the judgment so rendered.

As grounds for reversal plaintiff assigns six specifications of error which she urges under two propositions which may be summarized as follows: (1) The divorce in favor of the defendant on his cross-petition is not supported by the evidence and is clearly against the weight thereof; (2) the division of property as made by the court is inequitable and plaintiff should have received an equal division thereof.

The contention that the decree of divorce is not supported by the evidence rests chiefly upon conflict in testimony of witnesses relative to the conduct of plaintiff and her alleged paramour. Plaintiff does not attempt to point out clearly any insufficiency of the evidence to support the decree of divorce, but invokes the rule as announced in Privett v. Privett, 93 Okla. 171, 220 P. 348, and other decisions of this court relative to review of equitable actions, and insists that it is our duty to read the record in this connection and that upon so doing to hold that the divorce should have been granted to plaintiff rather than the defendant. The rule is that while this court will consider all of the evidence and weigh it to ascertain whether or not the judgment is against the weight, it will not disturb the judgment unless it be clearly against the weight of the evidence. See Clark v. Clark, 177 Okla. 542, 61 P. 2d 28; Riley v. Riley, 172 Okla. 460, 45 P. 2d 466. It being the general rule that in a divorce action where the evidence is in conflict as to the facts and the fault but there is sufficient evidence to sustain the decree, this court will not disturb the same. See Graham v. Graham, 184 Okla. 123, 85 P. 2d 314; Panther v. Panther, 147 Okla. 131, 295 P. 219; Bussey v. Bussey, 148 Okla. 10, 296 P. 401. The evidence in the case at bar, examined in the light of the rule announced in the foregoing authorities, was sufficient in our opinion to sustain the decree of the trial court in granting the divorce.

The contention of plaintiff relative to the judgment of division of property being an inequitable one rests largely upon the fact that all of the property had been acquired by the parties during coverture, and therefore plaintiff was entitled to a fair and equitable division thereof irrespective of whether the divorce was granted to the plaintiff or the defendant, and upon the fact that plaintiff's father was largely instrumental in assisting the plaintiff and defendant in acquiring all of the property involved. Our attention is directed to Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825; Owen v. Owen, 183 Okla. 200, 80 P. 2d 628; Colvin v. Colvin, 183 Okla. 267, 81 P. 2d 305; Carter v. Carter, 181 Okla. 204, 73 P. 2d 404; Stocker v. Stocker, 173 Okla. 64, 47 P. 2d 107; Finnell v. Finnell, 113 Okla. 164, 240 P. 62, in support of the contention so made. An examination of the cited cases will reveal that while they are authority for the rule that jointly acquired property is to be equitably and fairly divided between the parties irrespective of the fault of either, that they do not sustain the interpretation which plaintiff would have us place thereon by giving her an equal division of the property involved. The trial court found from the evidence that substantially all of the property had been acquired by the parties since 1936 as the result of the advancement of money made by plaintiff's father and the management of the defendant, and that while all of the property should be treated and disposed of as jointly acquired property, an equitable division thereof would not require an equal division. In so doing we are of the opinion that the trial court proceeded properly, the rule being as stated in Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598, as follows:

"On granting a divorce to either the husband or wife, the court is required by section 672, O. S. 1931, 12 Okla. St. Ann. § 1278, to make a just, fair and equitable division of the properties acquired by the parties jointly during their marriage. In doing so, the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

See, also, Van Horn v. Van Horn, supra; Hatchett v. Hatchett, 89 Okla. 176, 214 P. 929; Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957.

We are unable to say from an examination of all of the record and evidence that the division of the property in the instant case was an inequitable one. In view of the conclusion thus reached, the judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.